IMAZO ITOW v. NAGLE, Commissioner of Immigration.

FUJINOSUKE FUJITA v. SAME.

Circuit Court of Appeals, Ninth Circuit. February 27, 1928.

Nos. 5266, 5267.

Aliens ⬦⟲54(10)—Deportation hearing held not unfair because of admission of ex parte affidavit.

Consideration of ex parte affidavit in deportation hearing *held* not to render the hearing unfair, where aliens were represented by counsel, who did not object nor ask to cross-examine.

Appeals from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Petitions by Imazo Itow and Fujinosuke Fujita against John D. Nagle, Commissioner of Immigration for the port of San Francisco, for writs of habeas corpus. From orders denying the writs, petitioners appeal. Affirmed.

Thomas T. Califro and H. Edward Manning, both of San Francisco, Cal., for appellants.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. These are appeals from orders denying applications for writs of habeas corpus. The appellants were ordered deported on the ground that they had been found connected with the management of a house of prostitution and assisting a prostitute. The two cases were heard on a single record before the immigration authorities, and have been submitted to this court on the same briefs.

The appellant Itow was the lessee and manager of certain premises in the city of San Jose, Cal., consisting of a pool room and living quarters on the first floor, and a number of rooms occupied by lodgers on the second floor. The testimony was ample to support a finding that prostitution was practiced in some of the rooms on the second floor for a period of about four months prior to the arrest, though perhaps not continuously. It was likewise sufficient to support a finding that this appellant was fully cognizant of that fact. The size of the premises, the mode of ingress and egress to and from the upper floor through the pool room and kitchen, and the fact that on at least two different occasions he directed parties to the room upstairs upon inquiry for the woman practicing prostitution there, leaves little room for doubt on that question. The testimony was likewise ample to support a finding that the appellant Fujita assisted the prostitute. He brought her to the place, furnished her with a room, had illicit relations with her himself, and otherwise assisted her in her unlawful calling.

The chief argument in support of the appeals seems to be that the witnesses who testified against the appellants were unworthy of belief, and that it was error to ad-

mit in evidence an ex parte affidavit made by one of the prostitutes, together with statements made by two immigration officers, which were used as a basis for the warrant of arrest. The credibility of the witnesses was exclusively for the Department, and counsel for the appellants was given an opportunity to examine the officers who made the statements, but declined to do so. In addition to this, the officers were called as witnesses and testified at length to all matters covered by them in their preliminary report. The objection to the statements was, therefore, wholly without merit. No objection was made to incorporating the affidavit of the prostitute in the record, nor did counsel for the aliens ask the privilege of cross examination. Under such circumstances, the admission of the affidavit was not error, nor was the hearing rendered unfair because thereof. Choy Gum v. Backus (C. C. A.) 223 F. 487; United States v. Uhl (C. C. A.) 266 F. 34-40.

The orders are affirmed.