**JURGANS v. SEAMAN, Inspector in Charge of Immigration.**

Circuit Court of Appeals, Eighth Circuit.
March 16, 1928.

No. 7854.

**I. Aliens ⬤⇒54(9)—Evidence in deportation proceeding held to support finding that alien was member of or affiliated with organization advocating overthrow of government (8 USCA § 137).**

In deportation proceeding, evidence *held* to support finding of Secretary of Labor that alien was a member of or affiliated with an organization advocating and teaching the overthrow by force or violence of the government of the United States and all forms of law, in violation of Act Oct. 16, 1918 (40 Stat. 1012 [8 USCA § 137]).

**2. Aliens ⬤⇒54(10)—Denial of fair hearing in deportation proceeding held not established (8 USCA § 137).**

In deportation proceeding, under Act Oct. 16, 1918 (40 Stat. 1012 [8 USCA § 137]), claim that hearing was unfair, that assistance of counsel was denied, and that notice of charge was not given *held* not established.

In Error to the District Court of the United States for the District of Minnesota; John B. Sanborn, Judge.

Habeas corpus proceeding by William Martin Jurgans against Chas. W. Seaman, Inspector in Charge of Immigration, to secure relief from an order of deportation. Writ dismissed (17 F.(2d) 507), and petitioner brings error. Affirmed.

Arthur Le Sueur, of Minneapolis, Minn. (C. P. Diepenbrock, of Minneapolis, Minn., on the brief), for plaintiff in error.

John K. Fesler, Asst. U. S. Atty., of St. Paul, Minn. (Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., on the brief), for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. Appellant brought habeas corpus for discharge from the custody of immigration officers holding him under an order of deportation. From an order remanding him to such custody he appeals.

On January 10, 1920, the petitioner was arrested by officials of the Department of Justice and questioned by a special agent in charge thereof. On February 12, following, he was arrested under an order by the Acting Secretary of Labor on the charge of violation of the Act of October 16, 1918 (40 Stat. 1012 [8 USCA § 137]), in that he was a member of or affiliated with an organization that entertained a belief in the overthrow by force or violence of the government of the United States and of all forms of law and which advocated and taught the overthrow by force and violence of the government of the United States and all organized government. On February 25, 1920, he was brought before an examining inspector and there examined in respect to the charges contained in the order of arrest. At that hearing he was represented by competent counsel who had given notice on January 16th that he was such counsel. Testimony was taken before the examining inspector who reported the hearing to the Department at Washington recommending deportation. An order of deportation was made May 20, 1920. This order required the return of the alien to Russia, his native country, but such order could not be immediately executed because of the absence of diplomatic relations with Russia. Therefore, such execution was deferred. During all of the preceding transactions and thereafter until the 3d day of November, 1926, the petitioner was at large upon bail. Upon that date he surrendered to the inspector of immigration and demanded the surrender of his bail. Thereupon, he was incarcerated and this petition for the writ of habeas corpus promptly filed.

Five matters are argued here. The first two relate to the insufficiency of the evidence; the other three to the fairness of the hearing.

[1] Counsel for petitioner concedes that the Communist Party is within the definition of the statute as an organization which "entertains a belief in, teaches, or advocates the overthrow by force or violence of the government of the United States or of all forms of law." His contention is that the evidence is insufficient to show that petitioner was a member of the Communist Party. The evidence in this record consists of the statements of the petitioner made under oath before the examining inspector. A summary of this evidence is that petitioner is a member of the Lettish race and a citizen of Russia who speaks and understands English only

imperfectly; that he came to this country in 1913, leaving his wife and several children in Russia. At some date, not shown, he joined a local Lettish organization, in Minnesota, of the Socialist Party. At some time, apparently in 1919, this local organization voted to go over to the Communist Party and he was sent as a delegate of the local, under instructions, to a state meeting or convention of the Socialist Party held at Minneapolis, October 5, 1919. At that meeting, motions were made "that we recognize the principles and tactics of the Communist Party of America" and to change the name from the Socialist Party of Minnesota to the Communist Party of Minnesota. He voted in favor of affiliating with the Communist Party because he had instructions from his local organization so to vote. Also, he approved of that action. He made no objection to attending this convention and, although some delegates who had voted against the motions withdrew from the convention thereafter, he made no effort to do so. He has not received any membership card nor signed any application for membership in the Communist Party nor paid any dues thereto nor has he attended any meetings thereof since the convention. Whether such lack of attendance is through a desire or because he works at night is not entirely clear.

He says he has no clear idea of the principles of the Communist Party; that he does not know whether it was aiming to overthrow the government of the United States, but that he does not believe in the forcible overthrow of the government, but in its control by the ballot; that he does not believe in violence at all, but in organized government, and is not opposed to any organized government; that he does not know whether he agrees with the principles of the Communist Party or not, "maybe I do"; that if the members of the Communist Party had not been arrested he thinks he would still be a member of the party and has made no effort to withdraw or resign; that he understands the Communist Party to favor changes in the government through the ballot without the use of force and that until he knows and believes in something different it is his purpose to remain a member of it.

The effect of this evidence is that the petitioner has been and is yet a member of the Communist Party and has taken part in a convention in connection with it. According to his statement, he misunderstands or does not clearly understand the principles of that party.

As we read the statute involved here, the crime consists in being affiliated with an organization which has as one of its tenets the overthrow of the government of the United States or all organized government by force. The Communist Party is admitted to be such an organization. The petitioner admits that he was before and at the time of the deportation proceeding and yet is a member of that party. He has made no declaration or expression of intention to withdraw from that membership. We find nothing in the statute which excuses that position and it seems to fit the very evil aimed at by the statute.

The second point is that there was no evidence that the Communist Party in Minnesota had ever been accepted or become a member of the Communist Party at large. There is no evidence of such formality, but he testified:

"I think there was a motion made and seconded 'that we recognize the principles and tactics of the Communist Party of America,' etc., but I do not remember. I think there was a motion made to change the name from the Socialist Party of Minnesota to the Communist Party of Minnesota. I think there was. I voted on that motion. I voted to affiliate with the Communist Party because I had instructions from the local how to vote."

There is no challenge that the Communist Party in Minnesota, with which petitioner was affiliated, does not entertain the same beliefs as the Communist Party at large.

[2] The third point is that there was no fair hearing before the examiner because petitioner was not faced with the evidence against him. What that evidence was is not revealed by the record. The entire evidence shown in this record to have been before the examiner is that given by the petitioner himself. It is true that several exhibits were shown him and he was examined in connection with them, but they are made no part of this record and the case must rest upon the testimony of petitioner. If they had been helpful to his cause, it is presumed that his counsel, who seemed thoroughly competent, would have had them incorporated.

The fourth contention is that he was denied counsel. For more than a month before the examination upon which this deportation order was made, he had competent counsel. This contention is based upon the fact that upon his first arrest he had no counsel and during that detention had given a statement to the Department of Justice officials. Such statement is no part of this record. A statement made by the Department of Justice

agent who made such examination was identified, introduced and "made a part of the record" in the later examination upon which the order of deportation was entered, but that statement is not included in this transcript and counsel agreed, upon the argument here, that it would have added nothing to the evidence given by the petitioner at the later examination. It is difficult to see how this statement affected the proceedings or the result and, under the above omission and admission, it can form no basis for the claim that prejudice resulted because of lack of counsel at the time of the first examination.

The last point is that petitioner had no proper notice of the charges he was to meet because the order of arrest of February 12th was not delivered to him until the time of the hearing. No objection was made to this proceeding, no prejudice is shown therefrom and it is evident that the petitioner and his counsel were fully aware, without the warrant, of the charges which petitioner would have to meet. Also, the warrant sufficiently apprised him of the charge he was to meet. Mahler v. Eby, 264 U. S. 32, 41, 44 S. Ct. 283, 68 L. Ed. 549.

We think the order of deportation was properly made; and the judgment denying discharge under the writ was correct. Therefore, that judgment should be and is affirmed.