## UNITED STATES ex rel. YOKINEN v. COMMISSIONER OF IMMIGRATION.
### No. 327.

Circuit Court of Appeals, Second Circuit.
April 11, 1932.

Irving Schwab, of New York City (Frank Scheiner, on the brief), for relator-appellant.

George Z. Medalie, U. S. Atty., of New York City (Ira Koenig, Asst. U. S. Atty., of New York City, of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The authority for the order of deportation is found in 8 USCA § 137 (e) and (g). The Communist Party is well known to be a group which advocates the overthrow of organized government by force. No claim is made that aliens who are members of it are not subject to deportation. The appellant contends, however, that, as he was not a member at the time of his arrest, he could not be deported because of his previous membership; that he was not shown to be affiliated with the proscribed organization; and that the proceedings which led to the order of deportation were unfair.

It is true that he was not a member of the Communist Party when arrested. He had recently been expelled because of his attitude toward negroes, but that did not remove him from the reach of the statute. We have nothing to do with shaping the policy of the law toward aliens who come here and join a proscribed society. Congress has provided that "any alien who, at any time after entering the United States, is found to have been at the time of entry, or to have become thereafter, a member of any one of the classes of aliens enumerated in this section" shall be deported. 8 USCA § 137 (g). This alien concededly did become after entry a member of "one of the classes * * * enumerated" and from that time became deportable. We are urged to ameliorate the supposed harshness of the statute by reading into it words that Congress saw fit to leave out and interpret it to apply not to aliens who become members, but only to those who become and continue to the time of their arrest to be members, of one of the enumerated classes. If the words used in the statute were equivocal or the intention of Congress for any reason uncertain, there might be room for such a construction as that for which the appellant now contends. Perhaps the sufficient answer is that had Congress intended membership at the time of arrest to be the criterion it would have said so. It has the power to determine

what acts of an alien shall terminate his right to remain here. Skeffington v. Katzeff et al. (C. C. A.) 277 F. 129. What it did do was to make the act of becoming a member a deportable offense without regard to continuance of membership and it did that in language so plain that any attempt to read in any other meaning is no less than an attempt to circumvent the law itself.

■ Since the appellant admittedly had, after entry, become a member of a proscribed organization, the undisputed evidence required the order from which this appeal was taken. All proof upon which he was held to be affiliated with the Communist Party was unnecessary, and while we do not mean to intimate that any evidence on that phase of the case was unfairly received and considered, in any event it did him no harm.

Order affirmed.

AUGUSTUS N. HAND, Circuit Judge (concurring).

It is unnecessary in this case to determine whether former membership in a proscribed organization is sufficient to justify the deportation of an alien who has been expelled for failing to conform to its principles. It is enough that the alien Yokinen, by pledging himself to perform certain tasks prescribed by the Communist Party in order to secure reinstatement, must be regarded as affiliated with it. On this last ground the relator is deportable and the order below must be affirmed. I concur in affirmance on this ground only.