## BERKMAN v. TILLINGHAST, Commissioner of Immigration.

### No. 2660.

Circuit Court of Appeals, First Circuit.

May 17, 1932.

Harry Hoffman, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Dist. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal from a judgment of the District Court refusing a writ of habeas corpus to discharge the petitioner from an order of deportation under which she is held.

The petitioner, a resident in this country, was arrested on a department warrant

622

charging that she was an alien and a member of, or affiliated with, an organization or group that believes in, advocates, or teaches, the overthrow by force of the government of the United States. A second charge was added during the progress of the hearings, viz., that the petitioner is a member of, or affiliated with, an organization which causes to be written, published, or distributed printed matter advocating the overthrow by force or violence of the government of the United States. Due notice of this additional charge was given to the petitioner, and she was accorded an opportunity to meet it. The immigration tribunals found that both charges were sustained, and ordered deportation on both grounds.

On the day of her arrest, there was a preliminary hearing at which the warrant was read and explained to her. She was from first to last throughout the hearings represented by counsel of her own selection. At the first hearing she testified under oath that she was born in San Francisco. At the continued hearing on a later date, she changed this testimony and stated that she was born in Poland in 1903 and came to this country in 1921. The allegation that she is an alien was thus established by her own admission and is not now in dispute. The immigration tribunals were warranted in believing that she committed willful perjury in her testimony on this point.

█ The case presents the usual questions, whether the hearings before the immigration tribunals met the requirements of due process of law, and whether there was any evidence to support the findings. Lieutenant Hynes of the Los Angeles police testified, by deposition taken in Los Angeles, that he had been connected with the intelligence bureau of his department, and for a time was a member of the Communist Party, or the "Workers' Party of America"; that they are the same thing and are part of the Communist International which aims to accomplish a revolution in the United States by force and violence; that he knew the petitioner; that she is a member of the Communist Party or the Workers' Party; that she told him on different occasions that she was a member of the Communist Party; that he heard her make speeches on its behalf in 1928; that he knew she served on the Executive Committee of the Communist Party. The witness produced a card bearing the petitioner's signature which showed that she was a member of branch 3 of the Young Workers' League, a subsidiary of the Work-

ers' Party, of which branch she was secretary and treasurer. These cards were dated 1925. The witness further testified that the petitioner left Los Angeles some time in 1929 and was at that time an active member of the Communist Party. There is no contention that the petitioner's views have changed since 1929. She denied the vital parts of Lieutenant Hynes' testimony. The question which should be believed was for the immigration tribunals to decide. Various printed documents, put out by the Communist Party or its affiliated organizations, in which overthrow of the government of the United States by force and violence was advocated, were offered in evidence. Obviously, if this testimony was properly received, there was ample evidence to support the findings.

█ The Hynes evidence was objected to on the ground that, although the petitioner was notified when and where the deposition would be taken, the government refused her request to be sent to Los Angeles to be present personally at the taking of it, and she was unable by reason of poverty to be represented by counsel. As deportation proceedings are civil in their nature, it is not essential that the defendant should be confronted by the witnesses; evidence may be obtained by deposition. The testimony of Lieutenant Hynes was taken in a manner which amounted to an open commission with due notice to the opposite party. It was the duty of the government to see that the witness was fairly and fully examined. In administrative proceedings the government officials are not mere prosecutors, but are under a strict duty to see that the interests of the accused person are properly safeguarded. This did not, however, preclude them from taking testimony at a distance, nor, if they did so, impose upon the government the burden, either of transporting the defendant to the place where the witness was examined, or of paying counsel to represent her there. The testimony of Lieutenant Hynes appears to have been fairly taken. No suggestion has been made for the petitioner of anything favorable to her side which might have been brought out and was not. The printed and documentary exhibits were promptly shown to the petitioner or her counsel, and she was afforded an opportunity to meet them.

█ As has often been said, immigration tribunals are not bound by the rules of evidence which obtain in judicial proceedings. They are free, within reason and fairness,

to follow their own views as to what has probative value on the issue presented. Johnson v. Kock Shing, 3 F.(2d) 889, C. C. A. 1. It is not the function of the courts to examine particular steps and rulings in such proceedings; but only to determine whether the proceedings as a whole meet the requirements of due process of law. "Upon a collateral review in habeas corpus proceedings, it is sufficient that there was some evidence from which the conclusion of the administrative tribunal could be deduced and that it committed no error so flagrant as to convince a court of the essential unfairness of the trial." Stone, J., Vajtauer v. Commissioner, 273 U. S. 103, 106, 47 S. Ct. 302, 304, 71 L. Ed. 560. In our opinion, the Hynes testimony and exhibits were properly admitted. It follows that there was evidence supporting the decision of the immigration tribunals.

■ Certain printed and written documents and papers seized by the state police in Lawrence, Mass., were used against the petitioner. Her counsel objected to their admission upon the ground that the papers had been taken without any search warrant, and that the seizure, although made by the state police, was in fact brought about by the federal authorities. He formally requested that a subpœna issue to bring in the chief of police in Lawrence as a witness, and offered to show by him that the seizure was induced by the federal authorities. There is nothing in the record, except the statement of counsel for the petitioner, to indicate that the federal authorities had anything to do with the seizure; and no such suggestion was made when the subpœna was first requested. It has the appearance of an afterthought. The request was refused by the immigration tribunals, with the statement that "the Immigration Service was in no manner a party to the" seizure, and that the matter seized would be used in evidence against Murdoch and Berkman.

It is contended for the petitioner that this refusal of the subpœna was unjustifiable and amounts to a denial of due process of law. Exactly the same question with respect to the same seizure was raised in Murdoch's Case (Murdoch v. Clark [C. C. A.] 53 F.(2d) 155, 157), where this court said: "Without deciding whether the alien, upon his written request, was entitled to a subpœna to summon the chief of police of Lawrence, though we do not thereby suggest that the subpœna was improperly refused, it does not appear that hearing was essentially

unfair by reason of the refusal, as there was sufficient competent evidence outside of any printed * · * * matter thus obtained by the police to warrant the conclusions of the administrative officials." Wilson, J. The petitioner and Murdoch were associated in their activities and were represented by the same counsel.

The decree of the District Court is affirmed.