**UNITED STATES ex rel. OHM v. PERKINS, Secretary of Labor et al.**

**No. 53.**

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1935.

Irving Schwab, of New York City (George E. Netter and Isaac Katz, both of New York City, of counsel), for appellant.

F. W. H. Adams, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S. Atty., of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

■ This writ of habeas corpus brings into question the legality of the appellant's order of deportation. The writ was dismissed below. He was ordered deported because he was found to be an alien and a member of the Communist Party, an organization or group which believes in, advises, and advocates the overthrow by force or violence of the government of the United States, or of all forms of law. If it be the fact, the appellant may be legally deported. Kjar v. Doak, 61 F.(2d) 566 (C. C. A. 7); Berkman v. Tillinghast, 58 F.(2d) 621 (C. C. A. 1); Wolck v. Weedin, 58 F.(2d) 928 (C. C. A. 9); United States ex rel. Yokinen v. Com'r, 57 F.(2d) 707 (C. C. A. 2); Jurgans v. Seaman, 25 F.(2d) 35 (C. C. A. 8); 8 U. S. C. §§ 137 (c, g), 155, 8 USCA §§ 137 (c, g), 155.

Appellant, with others, was arrested while participating in a mass protest demonstration held under the auspices of the International Labor Defense of which he was a member. After arrest, he was interviewed by New York City policemen, who testified, at the deportation hearing later held, that he had admitted he was a member of and believed in the principles of the Communist Party. Exhibits offered show the objects and purposes of that party to advise and advocate the overthrow, by force, of our government.

Hearings were had before Inspector Cordner, who saw and heard the witnesses, but he made no report of his findings and conclusions. Inspector MacDowell, who was not present at any hearing, made a summary in which he found the charges were sustained and recommended the alien's deportation to Germany.

Appellant contends he had an unfair hearing because of the failure to comply with rule 19, subdiv. D, par. 6, of the Immigration Rules of January 1, 1930. That rule provides that: "At the close of the hearing, the full record shall be forwarded to the bureau, together with any written argument submitted by counsel and the findings and conclusions of the examining officer and the recommendations of the officer in charge, for decision of the Secretary of Labor as to whether a deportation warrant shall issue."

■■ We take judicial notice of this rule, Caha v. United States, 152 U. S. 211, 14 S. Ct. 513, 38 L. Ed. 415. Inspector Cordner, who heard the witnesses, was in a better position to judge the credibility of their testimony than one who

534

has not heard and did not have the opportunity to see the witness. See United States v. Lee Huen, 118 F. 442, 464 (D. C. N. D. N. Y.). The Secretary of Labor had no opportunity to see the witnesses and should therefor have had the benefit of the findings and conclusions by the inspector who presided at the hearing. Undoubtedly this is the reason for the promulgation of the rule.

Since the rules of the Labor Department have the force of law and are binding upon the department as well as upon the alien, the failure to follow this rule resulted in an unfair hearing contrary to that to which the alien was entitled in this proceeding.

The order will be reversed, with directions for a new hearing.

Order reversed.