KISHAN SINGH v. DISTRICT DIRECTOR OF IMMIGRATION.*

No. 8078.

Circuit Court of Appeals, Ninth Circuit.

April 20, 1936.

Marshall B. Woodworth, of San Francisco, Cal. (S. Luke Howe, of Sacramento, Cal., of counsel), for appellant.

*Rehearing denied June 8, 1936.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This appeal is from an order of the District Court of the United States for the Northern District of California denying appellant's petition for a writ of habeas corpus. Appellant is held on a warrant of the Secretary of Labor directing his deportation to India under the Immigration Act of 1924 approved May 26, 1924 and effective July 1, 1924 (chapter 190, § 14, 43 Stat. 162, 8 U.S. C.A. § 214).

█ Appellant arrived at San Francisco February 23, 1924 on the steamship President Lincoln in transit to Mexico. He claims that he re-entered the United States from Mexico in April, 1924, and that having re-entered prior to the effective date of the Immigration Act of 1924 authorizing his deportation, the action of the immigration authorities is erroneous. Appellant predicates his claim of error upon the admission in evidence of six affidavits from six persons in Mexico all stating that petitioner was in Mexico after the 1st of July, 1924. That these affidavits were admissible in such a proceeding is well settled. Wong Back Sue v. Connell (C.C.A.) 233 F. 659, 664; United States v. Uhl (C.C.A.) 266 F. 34, 39; Ghiggeri v. Nagle (C.C.A.) 19 F.(2d) 875; Imazo Itow v. Nagle (C.C.A.) 24 F.(2d) 526; Ng Kai Ben v. Weedin (C.C.A.) 44 F. (2d) 315. The appellant claims that he was denied the opportunity of cross-examination, and that by reason of this denial and refusal to reopen the case for admission of further evidence he was denied due process of law.

█ We are not required in this case to pass upon the abstract question of whether or not the introduction of ex parte affidavits and the refusal to permit cross-examination or to furnish an opportunity therefor is erroneous, as has been held in a number of cases under the particular circumstances there involved [Maltez v. Nagle (C.C.A.) 27 F.(2d) 835; Svarney v. United States (C.C.A.) 7 F.(2d) 515], for the reason that in the case at bar an opportunity was offered to the defendant on February 15, 1935, to cross-examine these witnesses at Calexico, Cal., before the matter was submitted for decision although it had been under consideration by the immigration authorities for about six months during which period a number of hearings had been had. Calexico, Cal., is on the Mexican border and within a few miles of the places in Mexico where the witnesses had testified by affidavit that the appellant had worked and had been seen at various times between July 1, 1924, and to and during a part of 1932. In response to this offer to appellant to permit him to cross-examine affiants, the appellant's attorney, at the adjourned hearing on March 11, 1935, at San Francisco, made the following statement: "I have received word from the alien that he has not the means to go down there and so he wants to have the case closed and forwarded to Washington for final determination." Immigration authorities had not then made any ruling as to the method of cross-examination of these witnesses by the appellant in Calexico. The fact that the alien was not financially able to go to Calexico or to send his attorney there was not a denial of the right of cross-examination. Berkman v. Tillinghast (C.C.A. 1) 58 F.(2d) 621. Under the circumstances of the case at bar it must be held that the appellant waived his right to cross-examine the witnesses who had made the affidavits and that these affidavits were admissible to establish the fact that the appellant entered the United States after July 1, 1924.

█ Appellant contends that an application or motion by him "so that he might introduce further testimony as to his legal residence in the United States * * * was summarily refused or completely ignored." It appears that all that was done by appellant's counsel was to write letters indicating an intention to make a motion "to reopen the case for further evidence, or failing in that will petition the United States Court for habeas corpus" and requesting the Commissioner of Immigration to indicate how many days he would give appellant to move to reopen his case. The nature or materiality of the evidence sought to be introduced was not shown and no definite application for reopening was filed. In view of this, appellant cannot complain of the alleged refusal to consider his application. Moreover, under the circumstances, the matter of granting or refusing the application was within the discretion of the Department of Labor. Wong Shong Been v. Proctor (C.C.A.) 79 F.(2d) 881, 883.

Order affirmed.