UNITED STATES ex rel. BAMBINI v. MARTINEAU, Divisional Director of Immigration and Naturalization.

No. 3980.

District Court, D. Connecticut.

April 25, 1938.

William F. Healy, of Derby, Conn., for Bambini.

Robert P. Butler, U. S. Atty., and Valentine J. Sacco, Asst. U. S. Atty., both of Hartford, Conn., for respondent.

THOMAS, District Judge.

This matter is now before the Court on the petition of Romano Bambini for a writ of habeas corpus in order to test the validity of an order of deportation issued against him by the Department of Labor.

Petitioner was arrested under a Labor Warrant of Arrest which was issued on October 14th, 1936, and charged him with violating Title 8, Sec. 155 of the U.S.C., 8

U.S.C.A. § 155, in that he was managing a house of prostitution, or receiving the profits of prostitution, etc. He was accorded a hearing by the immigration officials on December 14th, 1936, and on March 29th, 1937, at both of which hearings he was present and represented by counsel. At these hearings, certain depositions which were taken ex parte were introduced in evidence against the petitioner, and the entire record was thereupon forwarded to the Secretary of Labor. On August 30th, 1937, the warrant of deportation was issued, based upon a finding that the alien "has been found receiving, sharing in or deriving benefit from the earnings of a prostitute; and that he has been managing a house of prostitution or resort habitually frequented by prostitutes or where prostitutes gather."

The evidence upon which these findings were made are sufficiently substantial to warrant and support the same. The only question raised upon this petition for habeas corpus is whether or not the alien was accorded a "fair hearing." The fairness of this hearing is attacked upon the ground that ex parte evidence, by way of affidavits, was received and considered by the Department of Labor in arriving at its findings of fact.

It appears that no objection was made to the introduction of this evidence, nor did the alien, either in person or through his counsel, request the opportunity of cross-examining the affiants upon these affidavits. The rule is well settled that, under such conditions, the fairness of the hearing may not be impeached because of the reception of such evidence. See U. S. ex rel. Diamond v. Uhl, 2 Cir., 266 F. 34; Imazo Itow v. Nagle, 9 Cir., 24 F.2d 526; Healy v. Backus, 9 Cir., 221 F. 358.

I am therefore constrained to hold that the alien received a fair hearing, and that the warrant of deportation issued against him is valid. The writ is dismissed, and the relator is remanded to the custody which produced him. Submit order accordingly properly consented to as to form.