## CHANNAN SINGH v. HAFF, District Director of Immigration.

### No. 9013.

Circuit Court of Appeals, Ninth Circuit.
April 18, 1939.

Rehearing Denied May 22, 1939.

304

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal. (A. J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant is an alien and he takes this appeal from an order of the United States District Court denying the writ of habeas corpus to him while in custody of the immigration officials under an order of deportation. He claims that he did not have a full and fair hearing before the presiding immigration officer, and that the substantial evidence adduced at the hearing was all in favor of appellant. The order appealed from must be sustained.

A warrant for arrest of the alien was issued February 1, 1934, and the hearing was commenced April 13, 1934. Adjournment was had to March 26, 1937. It is not contradicted that the alien arrived at San Francisco early in 1924 and was taken to Mexico, and that he came into the United States without permission. At first he claimed to have entered the United States in June, 1920, but changed the date to March 15, 1924, and testified that he was in Mexico but two or three nights. He produced several witnesses who testified that they saw him in central California in the Spring of 1924. A number of docu-

ments, dated late in 1924 were introduced, which tended to show that he was then in California, but none of them indicate that he was there prior to July, 1924. The Government introduced sworn statements of persons residing in or near Mexicali, B.C. Mexico. These statements in short were that the affiant identified a photograph of appellant as a person whom they well knew in Mexico subsequent to July, 1924. The alien was offered the opportunity of being confronted with these witnesses and to cross examine them but he said he did not care to go to Calexico, Mexico, or San Diego, California to do so.

We discern no phase of unfairness in the treatment accorded the alien from the moment of his arrest, and see nothing in his appeal to the District Court and to us but a request that we re-evaluate the evidence. This we cannot do. The immigration authorities have regularly determined that the alien entered the United States without right subsequent to July, 1924, and that he shall be deported. No showing has been made justifying the interference of the United States courts with the execution of the order.

The law appertaining is fully set out and discussed in Kishan Singh v. District Director of Immigration, 9 Cir., 83 F.2d 95, certiorari denied 299 U.S. 561, 57 S.Ct. 23, 81 L.Ed. 413; Naranjan Singh v. District Director of Immigration, 9 Cir., 96 F.2d 969; and Thaman Singh v. Haff, 9 Cir., 83 F.2d 679.

Affirmed.