G. ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; JOSÉ TORRES CAMACHO, Claimant.

No. 279. Argued December 13, 1943.—Decided February 9, 1944.

*Joaquina Pérez Cordero, Angel de Jesús Matos*, and *Joaquín Correa Suárez* for petitioner. *Virgilio Brunet* and *José L. Novas* for claimant.

MR. JUSTICE SNYDER delivered the opinion of the court.

In this case the Manager of the State Fund ruled that the workman involved herein did not suffer an injury while in the course of his employment. The workman appealed to the Industrial Commission. A hearing thereon was held before Commissioner León Parra on March 17, 1942. On April 15, 1942 Commissioner León Parra went out of office without filing with the Commission his decision etc., as provided in §10, Act No. 45, Laws of P. R. 1935. There was no stipulation or agreement of the parties to submit the case to the Commissioners who had not heard the testimony. Nevertheless, over the objection of the Manager of the Fund, Commissioners Paz Granela and Herrero rendered a decision in the case based on the record of the testimony, and held that an injury had been suffered in the course of employment. Commissioner Soldevila, who had succeeded León Parra, dissented on the ground that §10 prevented decision under such circumstances. We granted the petition of the Manager for review.

The pertinent part of §10 reads as follows:

"If the case is set for hearing by a commissioner, the hearing shall be held in the locality where the accident occurred or in any other place that the Industrial Commission may designate, and the decision of the commissioner, together with a statement of the evidence and his finding of facts, rulings of law, and other matters pertinent to the questions brought before him, shall be filed with the Industrial Commission for its decision . . . "

It is admitted that no such decision, statement of the evidence, findings of facts, and rulings of law were filed by Commissioner León Parra after he conducted the hearing in the instant case. The workman nevertheless insists that this failure to comply with the provisions of §10 was not a bar to decision of the case by the Commission on the record. His position, in brief, is that the Section is permissive rather than mandatory.

It may be that the Legislature, if it had chosen, could have provided that the Commission could decide the case on the record in the absence of the Commissioner who heard the testimony and without any report from him thereon. Indeed, even as the Act reads today, the other Commissioners, once the report and decision of the Commissioner who heard the case are filed, may, on the basis of the recorded testimony, override the decision of the latter (*Ortiz* v. *Industrial Commission*, 58 P.R.R. 279). The rule with reference to administrative agencies, in short, is not so rigid as that which has been applied to the courts (*United States* v. *Nugent*, 100 F.(2d) 215 (C.C.A., 6th, 1938); the fact that the deciding officer is not present at the hearing before an administrative tribunal is not in and of itself fatal to the proceeding (see *Luce & Co.* v. *Minimum Wage Board*, 62 P.R.R. 431, 457 *et seq.*; concurring opinion of Chief Justice Wolfe in *Crow* v. *Industrial Commission*, 140 P.(2d) 321 (Utah, 1943); Gelhorn, Administrative Law, Cases and Comments, 2. Must the One Who Hears Be the One Who Decides, or May One Person Receive and Another Consider the

Evidence'', pp. 736–51). How far it wishes to go on such questions—short of a denial of due process—as a matter of administrative flexibility is for the Legislature to determine. The difficulty · with the workman's position in this case is that the Legislature has affirmatively provided that the Commissioner who heard the case ''shall'' file the documents in question. We are not impressed under the circumstances of this particular case by the argument that the Legislature used ''shall'' and not ''must''. The Legislature clearly meant to give the Commission as a whole the benefit of the views of the hearing officer before the Commission was called on to decide the case. It is therefore not important in this case that the Commission, as we have seen, has the power to reverse the Commissioner who hears the case in the first instance. What is important is that the Legislature has insisted that no decision of the Commission shall be rendered unless and until the indicated data is filed with it by the hearing officer. We regard that as a wise rule. It is of great assistance—and sometimes indispensable—for a deciding body to have the views of the officer who heard the testimony. But even if we did not approve of the rule, we would be powerless to interfere. The Legislature has spoken on a matter that lies within its sole competence.

We have no doubt that the parties could stipulate under the circumstances herein to submit the case to the Commission on the record. To that extent the requirements of §10 are not jurisdictional. But they are mandatory on the Commission; and, unless they are waived by the parties, the Commission must comply with them.

We are unable to see the relevancy of §6(b) of Act No. 45 herein. Section 10, providing that ''Neither party shall

---

[1] That. Section reads in part that ''A vacancy on the Commission or the absence of one of its members shall not obstruct the right of the other two members to exercise all the powers and perform all the duties prescribed for them by this Act.''

be entitled to a second hearing in regard to questions of fact" likewise has no relation to the peculiar facts of this case. The alleged hearing held in this case has proved abortive. The parties are entitled to a hearing which the commission must now proceed to give them (cf. *Cordero, Mgr.* v. *Industrial Commission,* 62 P.R.R. 136).

*Crow* v. *Industrial Commission, supra,* as already noted, is in point and reaches the same conclusion found herein. (See also, *United States* v. *Perkins,* 79 F.(2d) 533 (C.C.A. 2nd, 1935)). *Farran* v. *Curtis Pub. Co.,* 120 A. 544 (Pa., 1923) comes to the opposite result, but the statute therein involved apparently contained no mandatory provision such as exists in our statute.

The order of the Industrial Commission will be reversed and the case remanded for further proceedings by the Commission not inconsistent with this opinion.