### JEWELL v. FLOYD.

[No. 18,845. Filed May 7, 1956. Rehearing denied June 26, 1956. Transfer denied January 25, 1957.]

*Edward A. Myerson* and *Alfred M. Loeser,* both of Chicago, Illinois, for appellant.

*Crumpacker, Gemberling & Enslen, Owen W. Crumpacker, Theodore M. Gemberling,* and *Lowell E. Enslen,* all of Hammond, for appellee.

ROYSE, C. J.—Appellant here seeks to appeal from a judgment of the Lake Superior Court against him in favor of appellee.

After appellant's brief was filed in this court appellee filed his motion to dismiss or, in the alternative, affirm the judgment on the grounds that appellant's brief does not comply with the Rules of the Supreme Court. This motion contains numerous specifications. In view of the conclusion we have reached, it is not necessary to discuss each specification.

Appellee's motion asserted appellant had failed to cause notations to be made on the margin of each page of the transcript, as required by Rule 2-5. It further

asserted appellant's brief failed to comply with Rule 2-17 in five particulars.

Thereafter appellant filed his objections to the motion of appellee and sought our permission to make the marginal notes on the transcript. However, he did not offer or seek permission to amend appellant's brief to overcome the failure to comply with Rule 2-17. Therefore, it would avail appellant nothing to grant his request to place marginal notes on the transcript.

Appellant's brief does not disclose the nature of the action, what the issues were, and does not set out a condensed recital of the evidence in narrative form, all as required by the last-mentioned Rule.

Under the heading "Statement of Fact" in about five pages of his brief, appellant gives his comment on the evidence with occasional quotes of such evidence.

Conceding without deciding that the Bill of Exceptions containing the evidence is properly in the record, appellant has failed to comply with the Rule in setting out the evidence in his brief.

While we always prefer to decide cases on their merits, we may not do so when an appellant fails to comply with the Rules, because the Rules of the Supreme Court are binding on the courts as well as the litigants. *Mendenhall v. Mendenhall* (1955), 125 Ind. App. 519, 124 N. E. 2d 873; *Witte v. Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166.

Since the only questions presented require a consideration of the evidence, the judgment must be affirmed.

Crumpacker, J., not participating.

NOTE.—Reported in 134 N. E. 2d 52.