Per Curiam.

The Vehicle and Traffic Law, in section 71 (subd. 2, par. [b]), requires the revocation of an operator’s license for the conviction outside the State of “ an offense *465 consisting of operating a motor vehicle or motor cycle while under the influence of intoxicating liquor ’ ’. In the case before us, there can be no possible doubt that the petitioner was convicted in Massachusetts of operating a motor vehicle while under the influence of intoxicating liquor in violation of section 24 of chapter 90 of the General Laws of Massachusetts. In the light of all the documents before respondent Motor Vehicle Commissioner and of the Massachusetts statute itself, of which judicial notice could be taken, it is of no significance that the Massachusetts “ Abstract of Court Record of Violation of Motor Vehicle Laws ” simply recited in abbreviated form that the petitioner had been convicted of “ Operating under the influence ”. The Commissioner was required, therefore, to revoke the petitioner’s license.
The present case differs significantly from Matter of Moore v. Macduff (309 N. Y. 35) in that, in the latter, there was doubt, because of alternative grounds provided in the Canadian statute, whether the petitioner had been convicted of driving while his ability to do so had been impaired by “ alcohol ” or by a “ drug ”.
The orders should be reversed and the petition dismissed.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Order reversed and determination of the Commissioner of Motor Vehicles reinstated, without costs.