(No. 36134.

JAMES J. JEWELL, Appellant, *vs.* CHARLES F. CARPENTIER,
Secretary of State, Appellee.

*Opinion filed June 14, 1961.—Rehearing denied September 20, 1961.*

ALFRED M. LOESER, and EDWARD A. MYERSON, both of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, and THEODORE G. MAHERAS, Assistant Attorneys General, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

This is an action under the Administrative Review Act to review an order of the Secretary of State suspending the driving privileges of the plaintiff, James J. Jewell. The circuit court of Cook County affirmed the suspension order, and the plaintiff appeals directly to this court, asserting that

the statute under which his license was suspended is unconstitutional, and that the Secretary's action violated his constitutional rights.

In May of 1955 a judgment was entered in the superior court of Lake County, Indiana, against James J. Jewell, the present plaintiff, for damages growing out of an automobile accident that took place in Indiana. Upon appeal the judgment was affirmed by the Appellate Court of Indiana. (See *Jewell* v. *Floyd*, 127 Ind. App. 191, 134 N.E.2d 52.) In June of 1959, the superior court of Cook County, Illinois, entered its judgment against the plaintiff, based upon the registration of the Indiana judgment. Thereafter the Secretary of State suspended the plaintiff's Illinois motor vehicle operator's license under the financial responsibility provisions of the Motor Vehicle Law of 1957. (Ill. Rev. Stat. 1959, chap. 95½, pars. 7—301 to 7—329.) The plaintiff then brought this action to set aside the order of suspension.

The plaintiff first contends that "it is without the purview of authority of the legislature to authorize the Secretary of State to do anything based on the happening outside the State of Illinois * * * of any occurrence," and that section 7—303 (Ill. Rev. Stat. 1959, chap. 95½, par. 7—303) is invalid as an attempt to authorize the exercise of jurisdiction outside of this State. This contention is based upon article I of the Illinois constitution, which sets forth the "boundaries and jurisdiction" of the State. That article of the constitution does not prohibit the General Assembly from providing for suspension of the privilege of operating a motor vehicle within Illinois upon the basis of conduct that occurred in another State. While "No law of this State has any effect as a law, by its own force, beyond the territorial limits of the State, * * * a law effective in this State as such may create rights and liabilities arising from acts occurring outside of the State." (*Union Bridge and Construction Co.* v. *Industrial Com.* 287 Ill. 396, 398; *Beall*

*Bros. Supply Co.* v. *Industrial Com.* 341 Ill. 193, 199; *Durite Co.* v. *Industrial Com.* 394 Ill. 338, 345; see Leflar, The Law of Conflict of Laws, sec. 4; see also *Render* v. *Mann,* 126 So. 2d 94 (Ala., 1961); *In re Balcain's Petition,* 361 Mich. 570, 106 N.W.2d 160; *Carlyle* v. *Karns,* 9 Wis. 2d 394, 101 N.W.2d 92; *Commonwealth* v. *Moyer,* 193 Pa. Super. 599, 165 A.2d 100; *Commonwealth* v. *Gross,* 193 Pa. Super. 46, 163 A.2d 682; *Commonwealth* v. *Halteman,* 192 Pa. Super. 379, 162 A.2d 251; *Sullivan* v. *Kelly,* 7 N.Y.2d 462, 166 N.E.2d 493.) Statutes similar to our financial responsibility provisions have uniformly been upheld in other States as valid exercises of the police power, (see cases collected, 35 A.L.R.2d 1011,) and the plaintiff has advanced no reason to support a different result here.

Section 7—307, (Ill. Rev. Stat. 1959, chap. 95½, par. 7—307) which provides that clerks of courts shall notify the Secretary of State of unsatisfied judgments is challenged on the same constitutional ground, apparently on the theory that it purports to impose duties upon the clerks of courts outside of this State. Whether the section should be interpreted to impose such a duty is not involved in this case, since it was the clerk of the superior court of Cook County who reported the judgment to the Secretary of State.

Several of the plaintiff's contentions are based upon a misunderstanding of the procedure provided in the Administrative Review Act. (Ill. Rev. Stat. 1959, chap. 110, pars. 272, 274.) He alleged in his complaint for administrative review that he was engaged in interstate commerce at the time of the accident and he now contends that "The Secretary of State could not interfere with such commerce by revoking or suspending his license." The statute (par. 6 of section 7—202,) provides that certain of its provisions shall not apply "To the operator or owner if such owner at the time of such accident was in compliance with the Federal 'Motor Carrier Act of 1935'." (Ill. Rev. Stat. 1959, chap. 95½, par. 7—202.) In his complaint for administra-

tive review, the plaintiff also alleged that he "has operated in the State of Illinois and other states as a truck driver" and that "He has complied with the Federal 'Motor Carrier Act of 1935.'." In this court he refers to section 40 of the Civil Practice Act which provides that allegations not denied are deemed to be admitted (Ill. Rev. Stat. 1959, chap. 110, par. 40,) and argues that the allegations in his complaint concerning interstate commerce and his compliance with the Federal Motor Carrier Act must be deemed to have been admitted because they were not denied.

The difficulty with this argument is that the Administrative Review Act does not contemplate that issues of fact shall be framed by complaint and answer. It provides that the answer of the administrative agency "shall consist of the original or a certified copy of the entire record of proceedings under review * * *", and that "No pleadings other than as herein enumerated shall be filed by any party unless required by the court." (Ill. Rev. Stat. 1959, chap. 110, par. 272.) The statute thus provides for a review upon the record of the administrative agency, and the provision of the Civil Practice Act upon which the plaintiff relies is not applicable. The record before the administrative agency contained no suggestion that the plaintiff was an interstate trucker or that he had complied with the Federal Motor Carrier Act, and those questions are not open on review. (*Leffler* v. *Browning,* 14 Ill.2d 225, 228-9; *Robert S. Abbott Publishing Co.* v. *Annunzio,* 414 Ill. 559, 565.) The plaintiff further contends that the subsequent issuance of licenses by the Secretary of State after the accident and after the judgment was rendered in Indiana constituted a waiver of the Secretary of State's right to suspend his license. This argument was not advanced during the administrative proceedings, or in the complaint for administrative review and the plaintiff is therefore precluded from raising it before this court.

The plaintiff also complains that he was denied a hearing

by the Secretary of State. At the plaintiff's request a hearing before the Secretary of State was originally set for August 21, 1959. At his instance it was successively continued to September 24, October 8 and December 1, 1959. On the latter date the plaintiff's request for a further continuance was denied. On none of these occasions did the plaintiff or his attorney appear, and the hearing was eventually held in their absence. In view of the repeated delays and the inconvenience that had been caused by the failure of the plaintiff or his attorney to appear, we think that the hearing officer was justified in refusing to grant an additional continuance. In his argument to this court, the plaintiff's attorney asserts that he broke his leg on October 1, 1959. Nowhere in the record, however, is there any suggestion that he was unable to attend the hearing held two months later.

The plaintiff also argues that the subject of chapter 7 of the Motor Vehicle Law, (Ill. Rev. Stat. 1959, chap. 95½, pars. 7—101 to 7—502) which deals with financial responsibility, is not embraced within the title of the act, (Ill. Rev. Stat. 1959, chap. 95½, pars. 1—101 *et seq.*), and that section 13 of article IV of the Illinois constitution is thereby violated. The argument is without merit. The title of the Motor Vehicle Law is "An Act relating to motor vehicles; * * * providing for the registration of motor vehicles; * * * providing for the registration and licensing of motor vehicle operators and chauffeurs; providing for the regulation of the privilege of operating motor vehicles upon highways; providing for the financial and safety responsibility on the part of those using the privilege of operating motor vehicles upon highways * * *." This title adequately indicates the subject matter of that portion of the act which deals with the financial responsibility of automobile owners and operators.

It is contended that the suspension of the plaintiff's license violates the constitutional prohibition (section 14 of

article II) against *ex post facto* laws because the accident took place and the original judgment was entered before 1957, when the present Motor Vehicle Law was enacted. But the constitutional prohibition invoked by the plaintiff applies only to criminal matters, (*People ex rel. County Collector* v. *Chicago Burlington and Quincy Railroad Co.* 323 Ill. 536, 541-542; and see 53 C.J.S., secs. 43b(2)(a) and 44a,) and it has no bearing upon this case. The financial responsibility provisions of the Motor Vehicle Law of 1957 are essentially similar to those of the prior act (see Ill. Rev. Stat. 1955, chap. 95½, pars. 58b to 58k,) and its provisions are to be construed as a continuation of the prior law. Ill. Rev. Stat. 1959, chap. 95½, par. 10—106.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*