(No. 37763.—

DES PLAINES CURRENCY EXCHANGE, INC., Appellant, *vs.* JOSEPH E. KNIGHT, Director of Financial Institutions, *et al.,* Appellees.

*Opinion filed Sept. 27, 1963.—Rehearing denied Nov. 25, 1963.*

SCHAEFER, J. dissenting.

CASTLE, BRINTLINGER, CAREY & FILTER, of Chicago, (EDWARD M. WHITE and THOMAS F. CAREY, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, EDWARD A. BERMAN, and CORNELIUS F. DORE, Assistant Attorneys General, of counsel,) for appellee Director of Financial Institutions.

IRVING SLUTZKY, and SLUTZKY & SLUTZKY, of Chicago, (NORTON WASSERMAN and ORNER & WASSERMAN, of counsel,) for appellee Margaret M. Kane.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff, Des Plaines Currency Exchange, Inc., brought this suit in the circuit court of Cook County under the Administrative Review Act, (Ill. Rev. Stat. 1961, chap.

110, pars. 264 to 279) against Joseph E. Knight, Director of the Department of Financial Institutions, and Margaret M. Kane, to review the issuance of a community currency exchange license by the Director to Margaret M. Kane. The trial court entered an order affirming the decision of the Director and an appeal was taken directly to this court pursuant to section 22.02 of the statute regulating community currency exchanges. Ill. Rev. Stat. 1961, chap. 16½, par. 52.2.

Plaintiff is the owner of a community currency exchange located at 1510 Miner Street, Des Plaines, Illinois. Defendant Margaret M. Kane filed application for the issuance of a currency exchange license at 1100 Lee Street, which is $\frac{8}{10}$ths of a mile northeast of the Des Plaines Currency Exchange. Plaintiff objected to said issuance on the ground that its financial structure would be impaired thereby.

Pursuant to the Currency Exchange Act (Ill. Rev. Stat. 1961, chap. 16½, par. 40.1) and the Personnel Code (Ill. Rev. Stat. 1961, chap. 127, par. 63b101 *et seq.*) the Director designated a hearing officer to hear evidence on the application of Margaret M. Kane for the issuance of a community currency exchange license. The hearing officer heard evidence regarding the application and submitted the same to the Director, together with certain findings of facts and recommendations based thereon. These findings and recommendations were in substance that there is little or no financial service within six or eight blocks of the proposed location; that the plaintiff is located in the largest shopping center, which is the heart of Des Plaines; and that its business comes from no specific area; that the existing currency exchange is not reasonably accessible to the entire community of the city of Des Plaines; that the issuance of a license to the defendant at the proposed location will promote the convenience and advantage of the community; that the plaintiff failed

to establish that the issuance of the instant license will affect the financial stability of the plaintiff; and that there is need in the community for the establishment of a currency exchange at the location specified in the application.

The Director entered an order adopting the "findings of fact, recommendations and conclusions of Robert J. Downing, the Hearing Officer," and ordering that the application of Margaret M. Kane for a community currency exchange license be granted. In seeking reversal of the circuit court's decision affirming the Director's order the plaintiff contends, first, that the Director failed to make an independent examination of the evidence before entering his administrative decision, and that the Director's reliance upon conclusions and recommendations of a hearing officer, not being authorized by the statute, deprived plaintiff of a fair hearing.

The currency exchange statute provides that the Director may, in his discretion, direct that the hearing provided for in said act shall "be held before a competent and qualified agent of the Director, whom the Director shall designate as the hearing officer in such matter." The hearing officer under the statute is empowered to administer oaths and affirmations to all witnesses and "upon the conclusion of the hearing before him, shall certify the evidence to the Director."

It is fundamental that a decision pursuant to an administrative hearing must be based upon testimony and other evidence received at the hearing and that a conclusion influenced by extraneous considerations must be set aside. (*Morgan* v. *United States,* 298 U.S. 468, 80 L. ed. 1288.) As we stated in *Illini Coach Co.* v. *Commerce Com.* 408 Ill. 104, at page 109: "The substance of these decisions is that the parties before an administrative body exercising *quasi*-judicial powers are entitled to have that body base its decision upon the facts disclosed by the evidence, and that a failure of such body to acquaint itself

with the facts as revealed by the evidence, if proved, is sufficient ground to warrant setting aside its order."

The plaintiff, in support of his contention that the Director failed to consider the evidence submitted by the hearing officer in making his purported findings and conclusion, points out that the Director no place in the record denied the allegation that he failed to consider the evidence, and that nothing in the record indicates that the Director examined the evidence. The Administrative Review Act does not require the defendant to deny the allegation of the party seeking review. (*Jewell* v. *Carpentier,* 22 Ill.2d 445.) In this latter case this court rejected the contention that undenied allegations in a complaint for administrative review stand admitted under section 40 of the Civil Practice Act. (Ill. Rev. Stat. 1961, chap. 110, par. 40.) This court further stated that the Administrative Review Act does not contemplate that issues of fact shall be framed by complaint and answer. The review under the act is upon the record of the administrative agency and the provisions of the Civil Practice Act do not apply.

The Community Exchange Act does not contemplate that the Director actually hear each case and in fact expressly authorizes the designation of a subordinate hearing officer. The rule requiring that an administrative decision be based upon evidence introduced at the hearing "does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. *Evidence thus taken may be sifted and analyzed by competent subordinates."* (Emphasis added.) (*Morgan* v. *United States,* 298 U.S. 468, 481.) The principal requirement from a constitutional point of view is that "the officer who makes the determinations must consider and appraise the evidence which justifies them." 298 U.S., at 482.

The trial court expressly found that the findings of fact and conclusions of the hearing officer correctly and ac-

curately abstracted the record of the hearings held before him and therefore that the order of the Director correctly reflected the testimony offered in said proceedings. The plaintiff does not dispute this finding and thus no question of the consideration by the Director of matters outside the record is here presented. The fact that the Director in the order approving the application adopted the findings of fact, recommendations and conclusions of the hearing officer, which were submitted to him attached to the entire transcript of proceedings, does not establish, as plaintiff contends, that the Director did not read the transcript of testimony and exhibits, or that he based his decision entirely upon the summary, findings and recommendations of the hearing officer.

On the contrary, under the presumption of regularity that attaches to the acts of public officials, it must be assumed that the Director was fully informed when he rendered his final decision. Unlike the Illinois Savings and Loan Act, (See *Harvey Federal Savings and Loan Association* v. *Becker*, 25 Ill.2d 464), there is no requirement under the currency exchange law of Illinois that the Director, in approving an application, make independent findings of fact, nor is there any evidence in this case that the Director did not examine the evidence presented to him by the hearing officer who conducted the hearing with all interested parties present.

The Director is entitled to a presumption that all his official acts have been regular, (*United States* v. *Chemical Foundation*, 272 U.S. 1, 71 L. ed. 131,) and this presumption extends to his having read and considered the evidence. 2 Davis, Administrative Law, sec. 11.06 (1958).

The appellant also relies upon *Mazza* v. *Carucchia*, 15 N.J. 498, 105 A. 2d 545, wherein the New Jersey Supreme Court held that, under the aforementioned principle of the exclusiveness of the record, an interim report or statement of findings of fact, such as was submitted in

the present case, must be made available to the parties prior to the agency's final decision, so that an opportunity will exist to correct any factual mistakes or erroneous conclusions. Although it is indisputable that the procedure of submitting the examiner's report to the parties prior to a final decision is desirable from a practical point of view, the *Mazza* decision, insofar as it establishes this procedure as a constitutional prerequisite to a fair hearing, has been criticized as an unwarranted limitation upon "the general rule that administrative officers are free to consult with noninvestigating and nonprosecuting staffs and that the only limits have to do with personal consideration of records and with use of extra-record facts." (2 Davis, Administrative Law, sec. 11.09.) A conclusion opposite to that of the *Mazza* case has been reached by several other courts. (See, *e.g.*, *Peoria Baumeister Co.* v. *Yellowley*, (7th cir.) 123 F.2d 637; *Elite Dairy Products, Inc.* v. *Ten Eyck*, 271 N.Y. 488; *Radaca* v. *United States Smelting, Refining and Mining Co.* 62 Ariz. 464.) A decision on this question is not, however, necessary in the present case for there is nothing in the record before us to indicate that the hearing officer's report was unavailable to the parties prior to the Director's decision or that the plaintiff ever requested a copy of said report, which was dated 13 days prior to the Director's order.

Plaintiff also contends that the statutory requirement of a certification of the proceedings before the hearing officer was not complied with, (Ill. Rev. Stat. 1961, chap. 16½, par. 40.1) and that the applicant did not, at the time of filing her application or at the time of hearing thereon, have a lease or suitable evidence of permanency at the location applied for as required by the statute. (Ill. Rev. Stat. 1961, chap. 16½, par. 48.) These points were not, however, raised before the trial court and are not, therefore, preserved on this appeal. See, *e.g.*, *Jewell* v. *Carpentier*, 22 Ill.2d 445.

The allegation in plaintiff's complaint that the Director's decision was against the manifest weight of the evidence was expressly waived by the plaintiff on this appeal. No other errors being urged, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER dissenting:

The statutory authority of the hearing officer was limited. At the conclusion of the hearing he was to "certify the evidence to the Director." (Ill. Rev. Stat. 1961, chap. 16½, par. 40.1.) He exceeded his statutory authority, and made findings of fact, recommendations and conclusions. The Director, in his order granting the license, adopted the findings of fact, recommendations and conclusions of the hearing officer. It may be arguable that authority to make findings of fact should be implied from authority to conduct a hearing and certify the evidence. (See, *Crowe* v. *Industrial Com.* 104 Utah 333, 140 P.2d 321; *cf. United States ex rel. Ohm* v. *Perkins,* (2d cir. 1935) 79 F.2d 533.) But I do not see how it can be argued that authority to conduct a hearing and certify the evidence implies authority to make recommendations and conclusions.

In *Harvey Federal Savings and Loan Ass'n* v. *Becker,* 25 Ill.2d 464, we held that the Director could not consider recommendations that were not authorized by statute. (See also, *North Federal Savings and Loan Ass'n* v. *Becker,* 24 Ill.2d 514, 520.) The opinion of the court distinguishes the *Harvey* case on the grounds that the statute now before us does not require independent findings of fact, and that the Director is not shown to have ignored the evidence. But those circumstances were not relevant to our decision in the *Harvey* case. The Director there had made appropriate findings and the question was whether his decision to issue a license was invalidated by the consideration that he gave to unauthorized recommendations. If in the present case the

majority correctly assumes that the evidence has been properly considered, the precise issue is, just as it was in *Harvey,* whether the Director may consider recommendations that have no legislative sanction.

Moreover, the assumed satutory difference is nonexistent. The statute before us in the *Harvey* case provided: "The Director shall not approve the application and issue a permit to organize unless he shall find: * * *." (Ill. Rev. Stat. 1961, chap. 32, par. 724.) The statute before us in the present case provides: "If the application is denied, the Director shall * * * prepare * * * a written order of denial thereof, which shall contain his findings with respect thereto * * *." (Ill. Rev. Stat. 1961, chap. 16½, par. 40.) Both statutes place upon the Director the same duty to make findings.

The second question in this case is whether the report submitted to the Director should have been made available to the parties. The court's opinion does not reach this issue because it finds that there is no proof that the hearing officer's report was unavailable, or that the plaintiff ever requested a copy of it. But the record does not suggest that the plaintiff knew or could have known of the existence of the report. And in view of the limited authority given to the hearing officer by the statute, the plaintiff had no reason to anticipate the existence of such a report.

If the statute is to be construed as authorizing the hearing officer to make "findings, recommendations and conclusion," it should also be construed to require that those findings, recommendations and conclusions be disclosed to the parties. Such a construction of the statute would comply with traditional requirements of procedural fairness and would make it unnecessary to decide the constitutional issues that otherwise remain unresolved.