THE WILCOX TRANSPORTATION COMPANY, Appellee, *vs.* THE COMMERCE COMMISSION *et al.*—(THE FRANKLIN PARK BUS COMPANY, Appellant.)

*Opinion filed December 21, 1927—Rehearing denied Feb. 10, 1928.*

1. PUBLIC UTILITIES—*when order granting extension of a bus line cannot be reconsidered on petition of competing line.* Where a bus line operating over a certain route under a certificate of, convenience and necessity applies for and is granted a certificate. for the extension of its line over territory occupied by another company which is operating without the certificate of convenience. and necessity required by law, a petition of the latter company, which merely asks for the right to operate in the territory and is, not a complaint under section 64 of the Public Utilities act cannot be made the basis for re-opening the hearing on the application for extension of the line of the other company.

2. SAME—*existing company should be given an opportunity to meet changed conditions.* The Commerce Commission has no authority to grant a certificate of convenience and necessity to a competing bus line while an existing company, operating under the proper certificate, is rendering adequate service; and where changed conditions require reasonable additions to the service and modifications of the route the existing company should be given an opportunity to meet the changed conditions.

3. SAME—*when action of Commerce Commission is final.* The action of the Commerce Commission in granting an application by a bus company for an extension of its certificate of convenience and necessity is final, and no one not a party to the record has a right to re-open the hearing on the application.

Appeal from the Superior Court of Cook county; the Hon. Walter Steffen, Judge, presiding.

Henry J. Gibbs, and Jacob Katz, for appellant.

Brundage, Landon & Holt, (Floyd E. Britton, of counsel,) for appellee.

Mr. Justice Thompson delivered the opinion of the court:

This appeal is from a judgment of the superior court of Cook county setting aside an order of the Illinois Commerce Commission canceling a certificate of convenience and necessity to appellee, the Wilcox Transportation Company, and issuing such a certificate to appellant, the Franklin Park Bus Company.

Appellee is engaged in the business of carrying passengers by motor bus in territory in Cook county immediately west of the city of Chicago. For several years it has been operating motor buses along River road between Maywood and DesPlaines. This route passes through the village of Franklin Park near its eastern boundary and through the village of River Grove near its western boundary, and crosses Grand avenue, a principal east and west thoroughfare extending from the city of Chicago westerly through the villages of Elmwood Park, River Grove and Franklin Park. October 23, 1925, appellee applied to the Commerce Commission for a modification of its certificate of convenience and necessity, extending its right to operate a motor bus route over Grand avenue from the western limit of the city of Chicago to Mannheim road, the western limit of the village of Franklin Park, a distance of slightly more than five miles, and also along Irving Park boulevard, immediately north of Franklin Park, from Chicago west to Mannheim road. At this time there was no paved street leading from Grand avenue into Franklin Park, but the

proposed route was parallel with and only about four blocks south of Belmont avenue, which was the principal business district. December 22 there was a hearing on appellee's application and the cause was taken under advisement. While the matter of granting this extension of appellee's certificate was under advisement, certain individuals began, January 7, 1926, to operate two buses over Grand avenue from Chicago to Franklin Park, entering Franklin Park over Edgington street, which had just been paved. This street is parallel with and about a mile east of Mannheim road and intersects Franklin avenue, a diagonal street in Franklin Park, about three blocks north of Grand avenue. Belmont avenue, which is an east and west street in Franklin Park and on which are located the principal business houses, enters Franklin avenue about two blocks northwest from the intersection of Franklin avenue with Edgington street. When these individuals began to operate their buses they knew that appellee's application for a certificate of convenience and necessity to operate a bus line over substantially the same route was pending and that the hearing on such application had been concluded. January 22 the individuals operating the buses between Franklin Park and Chicago incorporated as the Franklin Park Bus Company, and February 5 this company, which is appellant here, filed its application for a certificate of convenience and necessity. May 4 appellee, as an existing utility occupying the field, entered its appearance and objected to the granting of the certificate to appellant. June 30 there was a hearing on appellant's application, which hearing was conducted by assistant commissioner Clark, who had conducted the hearing on appellee's application in December. Later, assistant commissioners Pillow and Kuhn appeared and took part in the hearing. Their attention was called to the fact that appellant's application covered the same route as the application of appellee, which had been under advisement for more than six months. Attention was

also called to the fact that the Franklin Park Bus Company and its organizers had operated buses over the route for six months without a certificate of convenience and necessity. July 1 the hearing was concluded and the application of appellant was taken under advisement. July 7 the commission handed down its decision granting the application of appellee to modify its certificate of convenience and necessity and allowing it to operate buses over Grand avenue from Harlem avenue, Chicago, to Mannheim road. No action was taken on appellant's application. Appellee ordered additional equipment so that it could begin operation over the new route. August 2 appellant filed a petition for rehearing on appellee's application, and August 13 this rehearing was granted. September 15 the hearing was opened, and appellee appeared and objected to the reception of evidence on the ground that the petition was filed by one who was not a party to the record. Assistant commissioner Clark, who was conducting the hearing, ruled that he would hear no evidence under the petition then on file but that on motion of some interested person the commission would open up the hearing on the applications of appellee and appellant and of another company which had asked for a certificate over a portion of the same route. September 18 appellant filed a new petition, alleging that it had given service in the territory since January 7, had built up a lucrative business, and had filed an application for a certificate of convenience and necessity before the order was entered granting one to appellee, which had not begun giving service in the territory. It asked that all the applications concerning the territory, then pending before the commission, be consolidated for further hearing. The record does not show that a notice was given to appellee, but September 22 the commission granted the petition of appellant and set the consolidated cause for hearing October 13. October 7 appellee's new buses arrived and it began operating between Harlem avenue, Chicago, and

Mannheim road, Franklin Park, the route being over Grand avenue from Harlem avenue to Edgington street, thence over Edgington street, Franklin avenue and Belmont avenue to Mannheim road. October 13 the hearing in the consolidated case was continued to November 16 and later to November 30. On the last named date the hearing was held and the cause was taken under advisement. January 19, 1927, the order revoking the certificate to appellee and granting a certificate to appellant was entered. It was this order which the superior court set aside.

Section 55 of the Public Utilities act requires a public utility to secure a certificate that the public convenience and necessity require its establishment before it shall begin operation. Appellant and two other bus lines operated buses in the territory in question, in violation of this statute, between January and October, 1926. During this time appellee, which was already operating a bus line in the territory under a certificate of convenience and necessity, had its application for an extension of its certificate pending before the Commerce Commission. It awaited the action of the commission on its application and did not begin operating without authority from the commission. July 7, 1926, its certificate was modified pursuant to the authority granted to the commission by section 55 and it immediately prepared to begin operation. This action of the commission was final and no person not a party to the record had any right to re-open the hearing on the application. Section 64 of the act provides that complaint may be made by the commission or by any person interested, setting forth any act done or omitted to be done in violation of any provision of the Public Utilities act or any order or rule of the commission, but the document filed by appellant did not purport to be such a complaint. The only excuse set forth in appellant's petition was that it wanted the certificate of convenience and necessity issued to it, not on the ground that appellee had violated any order or rule of the

commission or any provision of the act but that appellant had built up a profitable business and wanted to continue it. In its order of January 19, 1927, the commission found that appellee had failed to render adequate service and had failed to operate its buses over that part of Grand avenue west of Edgington street and without authority from the commission had operated its buses in Franklin Park over Edgington street, Franklin avenue and Belmont avenue. Neither of these grounds was set up in the petition of appellant nor could have been set up in this petition, because appellee had not begun operation when the petition was filed. The record does not show that a copy of this petition was served on appellee, as section 64 requires shall be done when complaint is filed with the commission. Whether the certificate issued to appellee July 7 was set aside when the petition of appellant was granted September 22 is a question. The whole proceeding was irregular, and it is difficult to determine the status of appellee between July 7, 1926, and January 19, 1927.

On the merits the superior court properly set aside the order of the commission. Within the time required by law appellee began operation of buses through Elmwood Park, River Grove and Franklin Park. It was already in this territory and had been serving the territory by operation of buses over River road. October 7 it began operating two new Graham buses, each having a capacity of twenty-one seats, and one White bus with a capacity of twenty-five seats. It gave fifteen-minute service through Elmwood Park and River Grove and thirty-minute service to Franklin Park. For short distances during the rush hour, morning and evening, passengers sometimes had to stand in the buses, but standing loads were never carried through the full distance of six miles and passengers seldom stood more than two miles. The drivers testify that accommodations were provided for all passengers who ap-

plied for transportation. The president of another bus line, who had operated over the route before the certificate was granted to appellee and who had frequently checked the route for the purpose of determining whether additional service was justified, testified that appellee was furnishing all the service the territory would support. While there is some evidence to the contrary, the overwhelming weight of the testimony is that appellee is rendering adequate service. This being true, the commission has no authority to grant a certificate to a competing company. (*Bartonville Bus Line* v. *Eagle Motor Coach Line,* 326 Ill. 200; *Superior Motor Bus Co.* v. *Community Motor Bus Co.* 320 id. 175; *Illinois Power and Light Corp.* v. *Commerce Com.* 320 id. 427; *West Suburban Transportation Co.* v. *Chicago and West Towns Railway Co.* 309 id. 87; *Choate* v. *Commerce Com.* 309 id. 248.) Changed conditions with reference to the character of the streets in Franklin Park seem to justify a modification of the route in that village so as to better serve the public. The commission has ample authority, under the act, to require such reasonable additions to the service and such modifications of the route as the convenience and necessity of the public demand, and before it cancels a certificate issued to a public utility already occupying the field and ready and willing to furnish the necessary service to accommodate the public it should give the existing utility an opportunity to meet the changed conditions.

The record warrants the action of the superior court in setting aside the orders of the commission entered subsequently to July 7, 1926, and its judgment is accordingly affirmed.

*Judgment affirmed.*