(No. 19286.— )

THE BARTONVILLE BUS LINE, INC., Appellant, vs. THE COMMERCE COMMISSION ex rel. The Illinois Highway Transportation Company, Appellee.

*Opinion filed October 19, 1929—Rehearing denied Dec. 7, 1929.*

TODD, MORGAN, PENDARVIS & ARBER, for appellant.

WILLIAM A. POTTS, and GILLESPIE, BURKE & GILLESPIE, for appellee.

Mr. JUSTICE DIETZ delivered the opinion of the court:

This is an appeal by the Bartonville Bus Line, Inc., from a judgment of the circuit court of Tazewell county confirming an order of the Illinois Commerce Commission granting to the Illinois Highway Transportation Company a certificate of convenience and necessity to operate motor vehicles as a common carrier for the transportation of persons between the cities of Peoria and Pekin and intermedi-

ate points along a route on the easterly side of the Illinois river.

It is urged for reversal that the commission was without jurisdiction to enter the order because the record fails to show that the appellant was given legal notice of the application for such certificate. The position of the transportation company is that the record does not show that the appellant was entitled to notice. The application of the transportation company was filed on October 29, 1924, and requested authority to operate between Peoria and Pekin and intermediate points on the easterly side of the river. In this application the appellant was named as a party respondent to the proceedings. There is testimony in the record that proper notice of the application was duly sent to the appellant by mail, postage prepaid, but section 64 of the Public Utilities act requires that such notice should be sent by registered mail. The record fails to show that the notice was sent in the manner required by law.

It remains to be determined whether the appellant was entitled to notice. Section 65 of the act provides that notice shall be given to such "interested persons as the commission shall deem necessary." A general order promulgated by the commission provides that every such "application shall name as parties respondent to the proceeding each and every public utility engaged in the transportation of persons or property between any two or more cities or villages * * * proposed to be served by the applicant." This is a designation of the utilities entitled to notice of such applications. On January 27, 1925, the appellant was granted a certificate of convenience and necessity and commenced to operate motor vehicles as a common carrier for the transportation of persons between Peoria and Pekin on the westerly side of the Illinois river. Its application therefor was prior to that of the appellee. At the time the

appellee's application was filed the appellant was operating a motor bus line between Peoria and Bartonville. The appellant was not then engaged in the transportation of persons or property between "two or more cities * * * proposed to be served by the applicant," and was therefore not entitled to notice of the application. The right to notice is to be determined as of the date of the application, and the duty to give notice was not enlarged by the fact that the appellant was later engaged in the transportation of persons between Peoria and Pekin.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*