MADISON AIRPORT COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*March 9—May 9, 1939.*

258

For the appellant there was a brief by *Charles G. Riley, Alton S. Heassler,* and *Roberts, Roe & Boardman,* all of Madison, and oral argument by *Mr. W. Wade Boardman, Mr. Riley,* and *Mr. Heassler.*

For the respondents there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, attorneys for Eleanore Anderson, and *Denis McGinn* of Escanaba, Michigan, of counsel, and by the *Attorney General* and *Mortimer Levitan,*

assistant attorney general, attorneys for the Industrial Commission, and oral argument by *Mr. R. J. Sutherland* and *Mr. Levitan.*

FRITZ, J. For the reasons stated in the opinion filed in *State ex rel. Madison Airport Co. v. Wrabetz, ante,* p. 147, 285 N. W. 504, the plaintiff was entitled on the trial of the issues herein to introduce proof to establish,—if it could, and as it offered to do,—that the members of the Industrial Commission, in their purported review of the examiners' findings and order, "did not read or have read to them a transcript of the testimony taken by the examiners or stenographic notes thereof, or otherwise duly address themselves thereto;" and that therefore the commission's action in affirming the examiners' findings and order was not based on a review of the evidence submitted as is required by the provision to that effect in sec. 102.18 (3), Stats. Because, for reasons which are likewise stated in that opinion, the commissioners' failure in that regard would render the commission's action unlawful, and entitle the plaintiff to the vacation of its award on the ground that the commission acted without or in excess of its powers, the trial court's ruling which excluded the offered proof was clearly prejudicial to the plaintiff and constituted reversible error. Therefore the judgment confirming the award must be reversed and a new trial ordered.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial in the circuit court.