108

(No. 31243.

Clarence Asche *et al.*, Appellants, *vs.* W. A. Rosenfield, Director of Public Works and Buildings, *et al.*, Appellees.

*Opinion filed January 18, 1950.*

Drach & Howarth, of Springfield, (George E. Drach, of counsel,) for appellants.

Dale G. Ives, of Aledo, and Giffin, Winning, Lindner & Newkirk, of Springfield, (Montgomery S. Winning, of counsel,) for appellees.

Mr. Justice Wilson delivered the opinion of the court:

This is a direct statutory appeal by Clarence Asche and seventy-one other motor carriers from a judgment of the circuit court of Warren County confirming an order of the Department of Public Works and Buildings, entered August 13, 1947, which, in turn, affirmed an earlier order of the Department, dated April 25, 1946, granting to George Morrow a certificate of public convenience and necessity for the operation of one three-quarter ton truck as a local carrier, pursuant to the provisions of the Illinois Truck Act. Ill. Rev. Stat. 1949, chap. 95½, par. 240 *et seq.*

A brief review of certain provisions of the Illinois Truck Act will be helpful in understanding the history of the present controversy and the contentions involved. In 1939, by an amendment to the Public Utilities Act, (Ill. Rev. Stat. 1949, chap. 111⅔, par. 10,) the Illinois Commerce Commission lost its former jurisdiction over truck carriers. At the same time, the Illinois Truck Act was

adopted, thereby placing the control and regulation of trucks in the Department of Public Works and Buildings. The new statute designates numerous types of motor carriers, the two principal classifications being line haul carriers and local carriers. A line haul carrier is any common carrier transporting property by truck in intrastate commerce over regular routes between fixed terminals, while a local carrier is any common carrier, other than a line haul carrier, transporting property in intrastate commerce. By virtue of section 8, the operations of a local carrier must be restricted to a distance not to exceed fifty miles from a permanent base point of operations selected and designated by the carrier, except that any local carrier may, in addition, transport property to or from any point outside his authorized area for any shipper within his area.

Under section 6(a), it is unlawful for any line haul or local carrier to operate or furnish service without a certificate of public convenience and necessity. The same subsection provides that the Department shall issue a certificate to an applicant upon proof being filed (1) of compliance with sections 15, 16 and 17 (truck safety certificate, personal injury and property damage insurance, and cargo insurance,) and section 18 (surety bond for collection on delivery shipments,) if applicable, (2) of compliance with the rules and regulations of the Department, and (3) that the proposed service is required by the public convenience and necessity. Section 6(a) further ordains that, "In determining whether or not a certificate shall be issued, the Department shall give due consideration to the cost of such service to such carriers, the financial ability of the applicant, the condition and congestion of the highways to be traversed, and the adequacy of the transportation service being rendered by other motor carriers in the field sought to be served." Ill. Rev. Stat. 1949, chap. 95½, par. 245(a).

Stated in chronological order, the facts relevant to the present controversy are, as follows: On February 23, 1946, George Morrow filed with the Department an application for a certificate as a local carrier of livestock and farm commodities with a base point of operation at Joy. The town of Joy is about thirty-five miles southwest of Moline. Morrow reported assets and liabilities showing a net worth of $20,500. In response to a question as to "all motor carriers known to applicant with whose trucking services the operations described in this application will be competitive," Morrow listed Ivan Nelson, Joy, Illinois, and four other carriers located in surrounding towns.

A hearing on the application was held on March 18, 1946, at Rock Island, before an assistant commissioner. Although the Department sent notices of the hearing to all competing carriers listed in the application, the only persons who appeared were Morrow and two witnesses called by him. Morrow testified that he commenced trucking operations in January, 1946; that he owned a 1942 Dodge three-quarter ton pick-up truck; that he did not intend to add to his equipment; that, in addition to livestock and farm commodities, he also wanted authority to transport building materials, coal and machinery; that he had a green safety sticker on his truck; that he had taken out personal injury, property damage and cargo insurance but did not have the policies on file with the Department or in his possession at the hearing, and that he made no collection on delivery shipments. Morrow further testified that it cost him about ten cents a mile to operate; that traffic conditions in his area are about normal; that there are several carriers holding certificates operating in the area he proposed to serve, and that there is a shortage of trucks in the area.

Robert Stahl, a witness, stated he resided in Moline, knew Morrow and was familiar with trucking require-

ments in the area. He added that transportation requirements in the area exceeded the number of trucks available, that three or four more trucks could be used, and that Morrow was well equipped to handle trucking service. The other witness, Robert Lawrence, also resided in Moline, knew Morrow, said he was familiar with truck requirements in the area proposed to be served, and stated that additional trucks are necessary.

The examiner recommended that a certificate issue, as requested, upon compliance with the insurance provisions of the statute. Subsequently, Morrow filed his policies with the Department and, on April 25, 1946, the Director of the Department made the following findings of fact: (1) applicant is qualified financially and by training and experience to efficiently perform the proposed trucking service; (2) there is a public demand and need for additional trucking services of the type sought to be performed in the area proposed and such additional trucking operations will not unduly congest the highways in the area, and (3) that applicant has filed proof of compliance with sections 15, 16 and 17 of the Illinois Truck Act and the rules and regulations of the Department. Thereupon the Department entered an order granting Morrow a certificate as a local carrier with a base point at Joy.

On May 25, 1946, the complainants, Clarence Asche and seventy-one other local carriers, filed a complaint with the Department against Morrow, hereinafter called respondent, alleging that the certificate granted to respondent had been issued in violation of the Illinois Truck Act. Complainants charged a failure to give notice of the hearing on respondent's application to all competing carriers, failure to prove the statutory prerequisites to the issuance of a certificate, failure to serve the order on any competing carrier and that the issuance of the certificate was contrary to the stated purposes of the statute to con-

serve highways, to reduce traffic hazards and accidents, and to prevent ruinous competition by promoting a sound economical and efficient system of highway transportation.

Respondent filed a motion to dismiss the complaint, averring, among other things, that complainants had failed to show that any one of them is entitled to question the Department's issuance of a certificate to him. The Department entered an order dismissing the complaint and respondent prosecuted an appeal to the circuit court of Warren County. The circuit court held that, since complainants had not been given notice and made parties to the hearing on respondent's application for a certificate, they were not barred from filing a complaint under section 31 and had a right to be heard on the issue of the validity of the order granting respondent a certificate. Accordingly, judgment was entered reversing the order of the Department and remanding the cause to the Department for further proceedings on the complaint.

Respondent then filed an answer, denying the material allegations of the complaint and again denying the right of complainants to a hearing before the Department on the matters set forth in the complaint. On motion of complainants, the latter allegations were stricken and the cause proceeded to a hearing. To obtain an order vacating and setting aside the order granting respondent a certificate, complainants introduced all the contents of the Department's file on respondent's application, a copy of the rules of procedure and practice of the Division of Motor Carriers of the Department of Public Works and Buildings, and a list of all the complainants, prepared by the chief clerk of the Division of Motor Carriers, showing their respective base points, types of certificate and dates issued, and the commodities they were authorized to transport. In addition to the chief clerk, the only other witnesses were three of the complainants and the respondent.

On August 13, 1947, the Department entered an order affirming its original order of April 25, 1946. The order was based on findings of fact, as follows: that, in accordance with the rules of practice and procedure in effect on the date the application was filed, respondent had given the names and addresses of all carriers known to him with whom he would compete; that the Department served all competing carriers so listed with written notices of the hearing on respondent's application; that, at the hearing, respondent proved compliance with sections 15, 16 and 17 of the Illinois Truck Act and that section 18 was not applicable; that respondent had submitted proof of his cost of operation, his financial ability, the condition of his equipment, the condition and congestion of the highways to be traversed and the adequacy of transportation service being rendered by other motor carriers; that the Department had given due consideration to all the foregoing factors in issuing its order granting a certificate, and that all notices required to be served under the statute, or under the rules of practice and procedure, were served.

From the Department's order of affirmance and a subsequent order denying a rehearing, the complainants prosecuted an appeal to the circuit court of Warren County. Upon review, the circuit court found that complainants had failed to prove the allegations of their complaint and entered judgment confirming the order of the Department.

As grounds for reversal, complainants assert that the circuit court erred in holding that they had failed to prove the allegations of their complaint. The substance of their argument is that the findings of fact upon which the Department based its order of April 25, 1946, are not supported by the evidence. Respondent, on the other hand, contends (1) that complainants were not necessary par-

ties to the proceeding on his application for a certificate and, consequently, had no right to reopen the proceeding; (2) that, in any event, they had no right to compel the Department to conduct a hearing upon the validity of its original order; (3) that they had no right to appeal from the order affirming the original order granting him a certificate, and (4) that, regardless of their right to a hearing or right to appeal, they had failed to prove their case.

The first question presented for determination is whether complainants were necessary parties to the original proceeding and, if not, whether this circumstance barred them from a subsequent hearing before the Department upon the issue of the validity of the Department's order in the original proceeding. Complainants contend they were necessary parties and that, not having been made parties, they were not bound by the original order and were entitled to a hearing before the Department upon the merits of their complaint.

Neither party is entirely correct. Certificates of convenience and necessity to operate as a motor carrier of freight and the procedures for their issuance are purely statutory in origin. It follows, therefore, that whatever rights complainants and respondent may have with respect to the hearing and review of applications for a certificate emanate from the provisions of the Illinois Truck Act or from the rules and regulations promulgated by the Department. The only statutory reference to the giving of notice of a hearing on an application for a certificate is found in section 32. So far as pertinent, section 32 ordains that notice of a hearing upon an application "* * * shall be given to the carrier and to such other interested persons as the Department shall deem necessary * * *." (Ill. Rev. Stat. 1949, chap. 95½, par. 269.) The General Assembly has thus committed to the

judgment and discretion of the Department the determination of the persons to whom notice of a hearing upon an application for a certificate should be given, and complainants were entitled to notice only if the Department deemed it necessary.

Under section 44, the Department is empowered to issue reasonable rules and regulations and to prescribe the form of the applications. Complainants' right to notice of the original hearing is governed, of course, by the rules in force at the time the application for a certificate was filed. (*Bartonville Bus Line, Inc.* v. *Commerce Com.* 337 Ill. 109.) At the time respondent filed his application, however, there was no rule or regulation providing that notice should be served upon competing carriers, as complainants allege themselves to be. Complainants single out rule III of the Department's rules of practice and procedure and contend it requires that notice of application be given to competing carriers. Rule III simply provides that "Applications for authority to begin a new operation shall be filed in duplicate on forms prescribed by the Department and shall give the name and address of all competing carriers." Rather than ordaining that notice shall be given to competing carriers, rule III merely requires the applicant to furnish the Department with a list of competing carriers. From the fact that the Department gave notice of the hearing to only those carriers listed by respondent in his application, it is evident that the Department did not deem it necessary to give notice to complainants. Having no absolute right to notice, either by statute or by rule of the Department, and notice to them not being considered necessary by the Department, complainants were not entitled to notice and were not necessary parties to the proceeding upon respondent's application for a certificate.

It does not necessarily follow, however, as respondent contends, that complainants, not being actual or necessary

parties to the application proceeding, were, as a consequence, barred from reopening the proceeding before the Department. While it is true that *Wilcox Transportation Co. v. Commerce Com.* 328 Ill. 455, holds that an order of the Commerce Commision granting the application of a bus company for an extension of its route is final and that no one not a party to the record has a right to reopen the hearing on the application, the decision in the *Wilcox case* was governed by the provisions of the Public Utilities Act. (Ill. Rev. Stat. 1927, chap. 111⅔, par. 1 *et seq.*) The rights of complainants in the case at bar are governed by the Illinois Truck Act, and it is to the provisions of this statute that we must look to determine whether they are entitled to a hearing before the Department in review of the Department's earlier order granting a certificate to respondent.

There are three separate sections of the Illinois Truck Act relative to complaints resulting in hearings before the Department of Public Works and Buildings. Section 40 deals specifically with the revocation of certificates, upon complaint and after notice and hearing, for the wilful misrepresentation of any fact contained in the application for a certificate or for wilful failure to comply with the provisions of the statute or with the rules and orders of the Department. (Ill. Rev. Stat. 1949, chap. 95½, par. 277.) Although complainants, in addition to other relief, ask for the revocation of respondent's certificate, their complaint contains no allegations that respondent wilfully misrepresented any fact in his application or that he was guilty of wilful failure to comply with the statutes and rules issued thereunder. Consequently, they were not entitled to a hearing on their complaint by virtue of section 40.

Likewise, the complaint was insufficient under section 31, the section relative to complaints in general. Section 31 provides, in pertinent part, that "Complaint may be

made by the Department, of its own notion or by any person or corporation by petition or complaint in· writing, setting forth any act or things done or omitted to be done in violation, or claimed to be in violation, of any provisions of this Act, or of any order or rule of the Department. * * * No complaint shall be dismissed because of the absence of direct damage to the complainant. Upon the filing of the complaint the Department shall cause a copy thereof to be served upon the persons complained of * * *." (Ill. Rev. Stat. 1949, chap. 95½, par. 268.) It is clear that complaints under section 31 are limited to proceedings for any act or thing done or omitted to be done in violation of the statute or the rules and orders of the Department by persons, normally carriers, subject to the jurisdiction of the Department and that complaints against the Department itself are not within the contemplation of this section. The complaint filed, while formally naming Morrow as respondent, does not charge him with any violation of the statute or rules of the Department. The complaint alleges that the Department did not give notice of the hearing; that the Department erred in issuing its order granting a certificate without proper proof and without considering all proper elements, and that the Department failed to give notice of the order in violation of the statute. In point of fact, the complaint was directed against the Department itself. Complaints challenging the validity of orders of the Department on the ground that the Department itself allegedly violated the statutes are not authorized by section 31.

For their right to be heard before the Department upon the matters alleged in their complaint, complainants, in their reply brief, come to rely upon section 32. This .section relates generally to the trial of complaints but also ordains, pertinently, that "With respect to any rules, regulations,

decisions or orders which the Department issues, any carrier or other person affected thereby and deeming such rules, regulations, decisions or orders, or any of them, improper, unreasonable, or contrary to law, may apply for a hearing thereon, setting forth specifically in such application every ground of objection which the applicant desires to urge against the rule, regulation, decision or order." (Ill. Rev. Stat. 1949, chap. 95½, par. 269.) Obviously, the allegations of the complaint in question bring it within the provisions of section 32. In substance, complainants alleged that they were carriers affected by the order of the Department granting a certificate to respondent and that the order was improper and contrary to law. Respondent, in denying the material allegations of the complaint, also denied that complainants were affected by the challenged order. In this connection, the narrow question is presented as to whether complainants meet the statutory prerequisite to a hearing under section 32 by proving that they were carriers or other persons affected by the order complained of.

As related, of the seventy-two persons named as complainants, only three appeared as witnesses at the hearing upon the complaint. The only evidence relative to the sixty-nine complainants who did not present themselves as witnesses was the exhibit, prepared by the chief clerk of the Division of Motor Carriers, showing the dates and classification of their certificates, their base operating points and the commodities they were authorized to transport, and the testimony of each complainant who appeared as a witness that he knew certain named co-complainants were engaged in the trucking business at the time the proceedings were held upon respondent's application. The evidence adduced was not sufficient to show that any of these sixty-nine complainants were affected by the order in question.

With respect to Macy Nelson, one of the three complainants to appear as a witness, the record discloses that,

at the time of the proceedings on respondent's application, he was engaged in the trucking business, at Joy, in partnership with his brother, Ivan Nelson; that he and his brother held a joint certificate to operate as local carriers; that notice of the hearing upon respondent's application was mailed to his brother, and that, upon cross-examination, he admitted he had actual notice of the time and place of the hearing and, in fact, was present in the hearing room at the State Highway Maintenance Police Headquarters in Rock Island when respondent's application was heard. It thus appears that Macy and Ivan Nelson were parties to the original proceeding. As parties, their only rights with respect to a review of the order entered were to seek a rehearing before the Department and, in the event the rehearing was denied, to prosecute an appeal to the circuit court within thirty days. Having failed to seek a rehearing or prosecute an appeal, Macy and Ivan Nelson were, by section 35 of the statute, barred from obtaining a review of the order granting respondent a certificate. (Ill. Rev. Stat. 1949, chap. 95½, par. 272.) Macy Nelson was not, therefore, a proper complainant in the present proceeding.

Of the two remaining complainants, Marvin Mason testified that he was a partner in a trucking firm having a base point at Bishop Hill and a principal place of business at Aledo; that the distance from Bishop Hill to Aledo was thirty-one miles, and to Joy, thirty-seven miles; that he operated a total of six trucks, including three with a capacity of ten tons; that his principal business was hauling large loads; that he advertised his business; that his trucks were idle some of the time; that his trucks were employed a good deal in transporting livestock from Mercer County to Chicago, and that he had few requests to haul loads of only one or two head of cattle from farm to farm or to barns used for public sales of livestock. The only other complainant to testify was Victor Magnuson. He stated

he operated one two-ton truck, with a basepoint at Abington; that it was fifty-seven miles from Abington to Joy; that he advertised for business and that the transportation of livestock comprised a large part of his business. At the same hearing, the respondent, Morrow, described his truck as having a capacity of one-half ton and further testified he hauled livestock which he bought and sold on his own account and, also, small loads to and from sales barns for friends and neighbors for compensation. Considering the purely local character of respondent's operations, the limited capacity of his single truck, the large trucks operated by his alleged competitors and the scope of their operations, we conclude that, like their seventy co-complainants, Mason and Magnuson failed to sustain the burden of proving that they were affected by the order granting a certificate to respondent.

There being no adequate proof that any of the complainants were affected by the challenged order, the Department should have so found and dismissed the complaint upon this ground, instead of entering an order upon the merits of the complaint. On the other hand, complainants having no right to be heard on the merits, the order of the Department affirming its prior order of April 25, 1946, and the subsequent judgment of the circuit court confirming the order of the Department were not prejudicial to defendants.

The judgment of the circuit court of Warren County is affirmed.

*Judgment affirmed.*