(No. 31649.—

ILLINI COACH COMPANY, Appellant, *vs.* ILLINOIS COMMERCE COMMISSION *et al.*— (ILLINOIS HIGHWAY TRANSPORTATION COMPANY *et al.,* Appellees.)

*Opinion filed January 18, 1951.*

Don M. Reno, of Champaign, and Dunn & Dunn, of Bloomington, for appellant.

Ivan A. Elliott, Attorney General, of Springfield, (William R. Ming, Jr., and Milton Mallin, of counsel,) for appellee Illinois Commerce Commission; Jenkins, Olsen & Cantrill, of Springfield, for appellee Illinois Highway Transportation Company; and Reynolds M. Everett, of Galva, and Meyer & Franklin, of Champaign, (August C. Meyer, of counsel,) for appellee Illinois Greyhound Lines, Inc.

Mr. Justice Thompson delivered the opinion of the court:

Appellant, Illini Coach Company, filed two complaints with the Illinois Commerce Commission on May 3, 1949, one against Illinois Highway Transportation Company and the Commerce Commission, and the other against the Illinois Greyhound Lines, Incorporated, and the Commerce Commission. The complaints seek vacation of an order of the commission dated June 25, 1942, by which the commission denied appellant's application for a certificate of convenience and necessity to operate as a motorbus carrier between Champaign and Decatur and between Decatur and

Bloomington, and vacation of orders date June 26, 1942, by which certificates were granted to Illinois Highway Transportation Company, to operate as a motorbus carrier between Decatur and Bloomington, and to Blackhawk Motor Transit Company, predecessor of Illinois Greyhound Lines, Incorporated, to operate as a motorbus carrier between Decatur and Champaign-Urbana. On respondents' motions the complaints were dismissed and on appeal the circuit court consolidated the complaints and confirmed the commission's orders of dismissal.

The situation out of which this case arises is as follows: The Illini filed its application for a certificate of convenience and necessity between Champaign and Decatur and between Decatur and Bloomington on April 16, 1942. On the same day, Black Hawk, now Illinois Greyhound Lines, filed its application for a certificate between Urbana and Decatur. On April 22, 1942, Highway applied for a certificate between Decatur and Bloomington. Hearings were had on the applications in due course before an examiner and the cases were marked "heard and taken" on June 24, 1942. On June 25, 1942, the commission entered its order denying Illini's application and on June 26, granted those of Black Hawk, now Greyhound, and Highway. The Illini filed no petition for rehearing and no appeal was taken.

The instant complaints filed before the commission on May 3, 1949, by Illini, alleged that the orders of June 25 and 26, 1942, were entered by the commission without having received or read the transcript of the evidence taken before the examiner and without hearing argument or receiving briefs of the parties. Respondents in this court do not dispute these allegations.

These litigants have been before this court on three prior occasions in the cases of *Black Hawk Motor Transit Co.* v. *Commerce Com.* 398 Ill. 542, *People ex rel. Illinois Highway Transportation Co.* v. *Biggs,* 402 Ill. 401, and *Illini Coach Co.* v. *Illinois Greyhound Lines, Inc.* 403 Ill. 21.

The course of the litigation in those cases details the facts out of which this case arises. Suffice it to say that in the *Blackhawk case* this court held that the commission had no power to rescind its orders of June 25 and 26, except upon petition for rehearing filed in apt time under sections 64 and 67 of the Public Utilities Act. (Ill. Rev. Stat. 1945, chap. 111⅔, pars. 68, 71.) In the *Illinois Highway Transportation case,* it was held that *mandamus* will not lie against the commission to compel rescission of orders entered under the provisions of the statute. In the *Illini Coach Company case,* it was held that the petitions for rehearing filed January 27, 1948, were too late because they were not filed within thirty days after the service of the orders complained of in accordance with the provisions of the Public Utilities Act. In this proceeding appellant relies upon its contention that the orders of June 25 and 26, 1942, were entered without a hearing as contemplated and required by section 55 of the Public Utilities Act, (Ill. Rev. Stat. 1947, chap. 111⅔, par. 56,) and were therefore void as being without authority in the statute and in violation of due process of law as guaranteed by the Illinois and Federal constitutions, and that this question is properly raised by the complaints involved herein.

The questions presented are: (1) Whether the orders complained of, entered on June 25 and 26, 1942, are void as violating due process and the provisions of the Public Utilities Act; and, (2) whether their validity may be questioned by complaint filed after the expiration of the thirty-day period provided in the Public Utilities Act for the filing of petitions for rehearing.

There seems to be no question of the commission's power under the statute to enter the orders complained of here and no complaint is made as to any procedure followed by it except the single omission to study and consider the evidence adduced before the examiner. This omission is therefore the basis for appellant's contention that the orders

complained of should be set aside. The pertinent section of the statute provides, "Whenever after a hearing the Commission determines that any new construction or the transaction of any business by a public utility will promote the public convenience and is necessary thereto, it shall have the power to issue certificates of public convenience and necessity." (Ill. Rev. Stat. 1949, chap. 111⅔, par. 56, sec. 55.) Appellant points to the word "hearing" and urges that by that word the statute requires that the commission must itself hear or read the evidence adduced and hear recommendations, and hear arguments, receive and consider briefs, make findings of fact and base its decision thereon; that this duty is not delegable to an examiner and that an order entered on an examiner's recommendation is illegal and void.

Appellant cites the case of *Morgan* v. *United States,* 298 U.S. 468, 56 S. Ct. 906. There, an analogous question was raised on an order of the Secretary of Agriculture under the Packers and Stockyards Act of 1921. (U.S.C.A., sec. 181 *et seq.*) Section 211 of Title 7, U.S.C.A., provides, "Whenever after full hearing upon a complaint made * * *," the Secretary is of the opinion that any rate for stockyard services is unreasonable, unjust or discriminatory, he may make certain orders fixing rates. In a direct proceeding the order of the secretary was attacked on the ground that his order was entered on the recommendation of a subordinate without the secretary having read the evidence or heard the argument. These allegations were stricken on the Government's motion and, on appeal to the United State Supreme Court, it was held that appellant was entitled to have the secretary consider the evidence and that it was error to strike the allegations from the complaint. In *Nat. Labor Relations Bd.* v. *Cherry Cotton Mills,* 98 Fed. 2d 444, a similar conclusion was reached upon analogous contentions. In *State ex rel. Madison Airport Co.* v. *Wrabetz,* 231 Wis. 147, 285 N.W. 504, an award

under the Workmen's Compensation Act was attacked in a *mandamus* proceeding to compel the commission to review the examiner's findings on the ground that the commission did not meet as a body in reviewing the evidence and that the testimony was taken by two examiners, separately. The court there denied the writ of *mandamus,* but recognized that where the commission is alleged to have committed illegal acts or omitted to observe the rudiments of fair play, then the circuit court may take evidence in relation to such acts or conduct. In *Madison Airport Co.* v. *Industrial Com.* 231 Wis. 256, 285 N.W. 757, the plaintiff, in a direct attack upon an award of the Industrial Commission of Wisconsin, upon the ground that the award was made by the commission without addressing itself to the evidence, offered to prove that allegation and the offer was denied. The Wisconsin court held that if the allegations were proved, the action of the commission would be unlawful and it was therefore error to exclude such proof.

The substance of these decisions is that parties before an administrative body exercising *quasi*-judicial powers are entitled to have that body base its decision upon the facts disclosed by the evidence, and that a failure of such body to acquaint itself with the facts as revealed by the evidence, if proved, is sufficient ground to warrant setting aside its order.

It will be observed, however, that none of these cases purport to hold that such an order is totally void, and the holdings were only that the injured party has a right to have the alleged act or omission reviewed in an appropriate proceeding. The effect of the holding in the *Madison Airport case,* cited by appellant as persuasive here, was that *mandamus* did not lie in that case because the defects complained of did not render the judgment void, but voidable, and therefore not subject to collateral attack.

It is settled by the decisions of this court that a judgment rendered by a court having jurisdiction of the parties and

the subject matter is not open to attack in any collateral action except for fraud in its procurement, and even if the judgment is so illegal or defective that it would be set aside or annulled on a proper direct application, it is not subject to collateral impeachment so long as it stands unreversed and in force. (*Baker* v. *Brown*, 372 Ill. 336; *People* v. *Sterling*, 357 Ill. 354; *Miller* v. *Rowan*, 251 Ill. 344.) If a tribunal has jurisdiction of the subject matter and of the parties, nothing further is required. (*O'Connor* v. *Board of Trustees*, 247 Ill. 54.) Nor does jurisdiction depend upon the rightfulness of the decision, and it is not lost because a decision is erroneous, however erroneous it may be. *O'Brien* v. *People ex rel. Kellogg Switchboard and Supply Co.* 216 Ill. 354.

In the instant case there is no suggestion that the commerce commission was without power to act upon the application filed by the utilities involved, nor is there any suggestion that any of the parties were not within the jurisdiction of the commission. The orders entered were concededly within the power granted to the commission under the Public Utilities Act. The sole substantial point on this contention is that the proceedings by which these orders were arrived at were irregular. Such irregularity could do no more than render the orders voidable and subject to be set aside upon a review.

The question remains whether the instant case constitutes a collatteral attack. If so, it cannot succeed. A complete method of review of orders of the Commerce Commission is prescribed in the act. Section 67 of the act provides, "Within thirty days after the service of any rule or regulation, order or decision of the Commission any party to the action or proceeding may apply for a rehearing in respect to any matter determined in said action or proceeding and specified in the application for rehearing." The statute then requires the commission to receive and con-

sider such application and grant or deny it within twenty days, and further provides, "No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and acted upon by the Commission." (Ill. Rev. Stat. 1949, chap. 111⅔, par. 71.) Section 68 of the act (Ill. Rev. Stat. 1949, chap. 111⅔, par. 72,) provides the method for bringing actions to set aside orders of the commission by appeal to the circuit or superior court within thirty days after service of the commission's order or decision refusing an application for rehearing. After setting out in detail the procedure to be followed in prosecuting an appeal, it is then provided, "When no appeal is taken from a rule, regulation, order or decision of the Commission, as herein provided, parties affected  *  *  *  shall be deemed to have waived the right to have the merits of said controversy reviewed by a court  *  *  *."

Appellant failed to make application for rehearing of the orders of June 25 and 26, 1942, and prosecuted no appeal as prescribed by the statute. The complaints on which this case arises were filed May 30, 1949, almost seven years after the entry of the orders complained of. The only object of the complaints is to obtain a rehearing of the evidence adduced on the original applications. No matter is alleged which could not have been properly presented on application for rehearing within the time prescribed by the statute. We have held that the statutory method for reviewing orders of the commission is exclusive. (*City of Chicago* v. *O'Connell,* 278 Ill. 591.) The constitutional guarantee of due process is not a guarantee against unjust or erroneous decisions. (*Baumgardner* v. *Boyer,* 384 Ill. 584.) The failure of appellant to exercise its statutory right to apply for rehearing and to appeal cannot be translated into a denial of due process. Any

prejudice to appellant arising out of its failure to take advantage of the adequate procedure for review provided by the statute was due to its own inaction and not to the orders complained of. Clearly, the instant proceeding is not within the statute. The orders complained of being, at most, voidable only, they are not open to collateral attack such as this.

Appellant contends that this case is properly brought here by way of complaint under sections 64, 65 and 67 of the Public Utilities Act. It is argued that these provisions of the act, taken together, make available to everyone the right to file a complaint with the commission about anything done or omitted by the commission or any utility. Appellant then points to section 67 of the act, (Ill. Rev. Stat. 1949, chap. 111⅔, par. 71,) which authorizes the commission, after notice and hearing, to "rescind, alter or amend any rule, regulation, order or decision made by it," and further provides, "Only one rehearing shall be granted by the Commission; but this shall not be construed to prevent any party from filing a petition setting up a new and different state of facts after two years, and invoking the action of the Commission thereon." From these quotations of the statute, appellant argues that there is no limitation upon the filing of complaints under the act.

It seems apparent that appellant seeks to draw conclusions from the quoted excerpts of the statute that are not tenable when taken with the remaining context of the act. In the case of *Asche* v. *Rosenfield,* 405 Ill. 108, the Department of Public Works and Buildings had granted a certificate of convenience to one Morrow. Afterwards complaints were filed nominally against Morrow but, in substance, complained of the Department's failure to observe certain statutory prerequisites to the granting of the certificate to Morrow. On appeal from an order confirming the Department's order granting the certificate, the question was

presented whether the complaint was proper under section 31 of the Illinois Truck Act, (Ill. Rev. Stat. 1949, chap. 95½, par. 268,) which provides that "Complaint may be made by the Department, of its own motion or by any person or corporation by petition or complaint in writing, setting forth any act or things done or omitted to be done in violation, or claimed to be in violation of any provisions of this Act, or of any order or rule of the Department." This language is substantially identical with that of section 64 of the Public Utilities Act, under which the instant complaints were filed. The nature of the complaints in this and the *Asche case* is also similar in that in both instances the complaints are nominally against holders of certificates, but in each case charge them with no violation of any duty under the statute or order of the granting body. This court, in the *Asche case,* in construing the above-quoted language of the Illinois Truck Act, said, "It is clear that complaints under section 31 are limited to proceedings for any act or thing done or omitted to be done in violation of the statute or the rules and orders of the Department by persons, normally carriers, subject to the jurisdiction of the Department and that complaints against the Department itself are not within the contemplation of this section." We pointed out that the complaint there was in fact against the Department itself and was therefore not authorized. The holding in that case upon the parallel facts would seem decisive here and the instant complaints would seem unauthorized by section 64 of the Public Utilities Act.

In view of the express provisions of section 68 of the Public Utilities Act "When no appeal is taken from a rule, regulation, order or decision of the Commission, as herein provided, parties affected * * * shall be deemed to have waived the right to have the merits of said controversy reviewed," to grant the contention of appellant would

be to nullify the procedure expressly provided in the statute and open the courts to endless litigation by unsuccessful applicants for certificates of convenience and necessity.

We have analyzed, but are not impressed with, the argument of appellant that these complaints constitute new matters.

The last contention of appellant is that the commission is without power to strike and dismiss complaints filed with it and has no powers except to grant a hearing and require an answer. This contention, if followed to its logical conclusion, would mean that the commission must hear every complaint filed with it, whether or not it had jurisdiction over the matters alleged. Section 8 of the Public Utilities Act (Ill. Rev. Stat. 1949, chap. 111⅔, par. 8,) provides "The Commission shall have power to adopt reasonable and proper rules and regulations relative to the exercise of its powers, and proper rules to govern its proceedings, and to regulate the mode and manner of all investigations and hearings, and to alter and amend the same." Rule VII of the commission relating to motions provides for the presentation of motions for "* * * the dismissal of the action for want of jurisdiction, * * *, or such other relief or order as may be appropriate." The instant complaints were beyond the jurisdiction of the commission to hear and thus it properly refused to hear them. *Asche* v. *Rosenfield,* 405 Ill. 108.

We are of the opinion, after a careful analysis of the record here, that the complaints are against the commission itself and no matter is alleged which would require an answer by the nominal respondent utilities. The appellant having failed to exercise its right to review under the statute in apt time, the collateral attack was properly dismissed by the commission and the court below correctly affirmed the dismissal. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*